Scotty Layne Harrison v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-02-064-CR

Â Â Â Â Â SCOTTY LAYNE HARRISON,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â THE STATE OF TEXAS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the 283rd District Court
Dallas County, Texas
Trial Court # F00-71949
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
O P I N I O N
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Scotty Layne Harrison appeals his conviction by a jury of the offense of sexual assault. After
hearing evidence of prior convictions, the jury assessed his punishment at life imprisonment in the
Texas Department of Corrections, Institutional Division. In three points, Harrison urges that the
trial court erred by allowing improper jury argument by the State. We affirm.
Â Â Â Â Â Â Harrison's complaints regard the following jury argument by the State:
Now, you can assume one thing and one thing only from their pitiful attempt at a story
here, is that he had sex with her that day. Otherwise, they wouldn't be talking about
some three-way. See what they're trying to do to you? They're trying to say, well, there
was sex that day, everything she said happened, it just got rough and now she is mad
about it. I mean, that is what they're trying to get you to believe. Don't fall for that
because there is no evidence of it.
Â 
If there was three-way sex, you can bet your life Tony West would have been here
because that is who they believe. That is their story, remember? Came from the
defense. You had sex with defendant and Tony West, didn't you, Ms. Jones? No, I
didn't. Where is Tony West? They brought in all the meth girls. Where is Tony West? 
Where is Tony West to corroborate their story? Can't do it. Can't corroborate it. 
Where is Brenda Latham? Where is Brenda Latham to corroborate Dana or Patricia
Herron about this conversation with Christina Jones about the three-way in the first
place? Where is she? She is the business owner. If they can find these meth girls, they
surely can get her. Where is she? They're not going to bring her in here. Because what
did Patricia Herron say? She thought the defendant was wrong.
Â 
Christina Jones was sexually assaulted by this the man and that man alone, just as she
told you. And there is not one single thing to dispute that that is credible evidence.

Â Â Â Â Â Â At this point, counsel for Harrison objected to the argument as placing the burden upon the
defendant to testify and objecting to the argument as a comment on the defendant's failure to
testify. In points one and two, Harrison complains of the portion of the argument that states, "If
there was three-way sex, you can bet your life Tony West would have been here because that is
who they believe. ... Where is Tony West? ... Where is Tony West? ... Where is Tony West to
corroborate their story? ... Where is Brenda Latham? ... Where is she? ... " Harrison urges that
these statements implied that he had the burden of proving that his defensive theory was true and
that they are outside the record. Harrison made no objection to this portion of the argument. If
he contends that the objection that he made much later was directed to this portion of the argument
on the basis he now argues on appeal, the objection was untimely and does not conform to the
objection he makes on appeal. Consequently, we hold that nothing was preserved for review with
respect to this portion of the argument. See Garcia v. State, 887 S.W.2d 862, 877 (Tex. Crim.
App. 1994) (objection to error in argument must be timely), overruled on other grounds,
Hammock v. State, 46 S.W.3d 889, 893 (Tex. Crim. App. 2001); Banda v. State, 890 S.W.2d 42,
62 (Tex. Crim. App. 1994) (error not preserved because defendantâs trial objection does not
comport with issue raised on appeal). We overrule points one and two.
Â Â Â Â Â Â In point three, Harrison complains of the State's argument that "Christina Jones was sexually
assaulted by this the man and that man alone, just as she told you. And there is not one single
thing to dispute that that is credible evidence." After Harrison objected to this argument on the
basis that it was a comment on his failure to testify, the trial court sustained the objection to the
extent that it was such a comment, instructed the jury to disregard any comment regarding
Harrison's failure to testify, and overruled Harrisonâs motion for mistrial. We must view any
allegedly improper statement from the standpoint of the jury and decide whether the language was
of such character that the jury would naturally and necessarily take it to be a comment on the
defendant's failure to testify. McGee v. State, 852 S.W.2d 551, 559 (Tex. App.âTyler 1992,
writ ref'd).
Â Â Â Â Â Â In the context of the argument, the prosecutor's comments can be reasonably construed to
refer to Harrison's failure to call certain witnesses to corroborate his defense and not a comment
on Harrison's failure to testify. We hold that the trial court did not err in overruling Harrison's
motion for mistrial because the argument was not a comment on Harrisonâs failure to testify, and,
even if it were, the trial court's immediate instruction to disregard cured any error. Jackson v.
State, 745 S.W.2d 4, 15 (Tex. Crim. App. 1988). We overrule point three.
Â Â Â Â Â Â The judgment is affirmed.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â JOHN G. HILL
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Senior Justice

Before Chief Justice Davis,
Â Â Â Â Â Â Justice Vance, and
Â Â Â Â Â Â Senior Justice Hill (Sitting by Assignment)
Affirmed
Opinion delivered and filed November 20, 2002
Do not publish
[CR25] [CRPM]



tdoc=1&wchp=dGLbVtb-zSkAl&_md5=09f25cda0aae49ab401dba6f74bc399c"
target="_parent">Rule 403
analysis includes several factors: (1) the inherent probative value of the
evidence; (2) the potential of the evidence to impress the jury in some
irrational, but nevertheless indelible way; (3) the time the proponent needs to
develop the evidence; and (4) the proponents need for the evidence. Â Reese
v. State, 33
S.W.3d 238, 240-41 (Tex. Crim. App. 2000).

Â Â Â Â Â Â Â Â  After an in camera inspection, the trial
court excluded photographs of Arreguin dressed as a woman.Â  Rodriguez claimed
that his defense would be ÂprejudicedÂ and Âtotally vitiatedÂ without this
evidence.Â  On appeal, Rodriguez contends that the testimony of Jesse Fernandez,
who was with Rodriguez on the night of the carjacking and observed Rodriguez
talking to a woman wearing a black wig, a grey dress, and make-up, was ÂcrucialÂ
to his defense for purposes of corroborating RodriguezÂs story and judging ArreguinÂs
credibility.Â  He argues that FernandezÂs testimony Âmeant nothingÂ without the
photographs because Fernandez could not identify Arreguin as the woman he saw
with Rodriguez.

Â Â Â Â Â Â Â Â  Although the photographs were excluded, other
testimony at trial established ArreguinÂs appearance on the night of the
carjacking.Â  Officer Richard M. Smith, Jr. testified that Arreguin was wearing
a dress.Â  RodriguezÂs description of
Arreguin paralleled FernandezÂs description: black hair, make-up, and a
ÂsilverishÂ dress with Âsparkly stuff on it.ÂÂ  Arreguin admitted that he
performs as a female impersonator, was still Âin characterÂ when he spoke with
Officer Smith after the carjacking, and owns a black wig and a silver sequined
dress.Â  Rodriguez himself identified
Arreguin as the woman he met on the night of the carjacking.Â  RodriguezÂs alibi
witness testified that she met Rodriguez in the vicinity of ArreguinÂs home,
that he was upset because a guy Âhit on him,Â and that he stayed with her the
remainder of the night.Â  Â Â 

Â Â Â Â Â Â Â Â  The
jury could use this testimony to evaluate ArreguinÂs credibility and reasonably
infer that Rodriguez and Arreguin did in fact meet prior to the carjacking,
that Arreguin was dressed as a woman, and that Arreguin was the woman who
Fernandez saw with Rodriguez.Â  Because Rodriguez was able to provide Âother
probative evidenceÂ establishing ArreguinÂs identity as the woman he met on the
night of the carjacking, his need for the photographs was slight.Â  Mozon v. State, 991 S.W.2d 841, 847 (Tex. Crim. App. 1999); see State v. Mechler,
153 S.W.3d 435, 441-42 (Tex. Crim. App. 2005). Â Â Â Â 

Â Â Â Â Â Â Â Â  Although Fernandez testified that he
could identify the woman if she was dressed similarly to how she appeared on
the night of the carjacking, the record does not indicate that any of the
photographs depicted Arreguin as he appeared that night.Â  The photographs would
improperly suggest that the woman portrayed in the photographs was, in fact,
the same woman Fernandez observed on the night of the carjacking.Â  Accordingly,
the photographs could serve no other purpose but to create a negative image of
Arreguin and influence the jury to make a decision based on an improper basis.Â 
Thus, the probative value, if any, of the photographs was substantially
outweighed by the danger of unfair prejudice.Â  See Tex. R. Evid. 403; see also Reese, 33 S.W.3d at 240-41. 

Â Â Â Â Â Â Â Â  The trial courtÂs decision to exclude the
photographs was within the bounds of reasonable disagreement and was not an
abuse of discretion; Rodriguez was not denied his constitutional right to
present a defense.Â  See Shuffield, 189 S.W.3d at
793; see also Wiley
v. State, 74 S.W.3d 399, 408
(Tex. Crim. App. 2002). Â We overrule
RodriguezÂs second issue.




Â Â Â Â Â Â Â Â  Having overruled both of RodriguezÂs
issues, we affirm the trial courtÂs judgment. Â Â Â Â Â 

Â Â 

FELIPE REYNA

Justice

Â 

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

Affirmed

Opinion delivered and
filed July 18, 2007

Do not publish

[CR25] Â Â Â Â Â Â Â Â Â Â  Â