Clayton REEVES, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–01–219–CR.

Court of Appeals of Texas, Waco.

Jan. 29, 2003.

Rehearing Overruled March 26, 2003.

Stan Schwieger, Law Office of Stan Schwieger, Waco, for appellant.

John W. Segrest, McLennan County Dist. Atty., James Wiley, McLennan County Asst. Dist. Atty., Waco, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## OPINION

TOM GRAY, Justice.

Clayton Reeves was charged with eight counts of sexual assault and three counts of indecency with a child. The victim, Reeves's step-daughter, recounted her recollection of all the abuse by Reeves over a four year period: from age 13 until age 17. The jury found Reeves guilty and the trial court sentenced him to 20 years in prison on each count. Counts one through four were ordered to run concurrently and the remaining counts to run consecutively. Reeves brings two issues on appeal. We affirm.

### LIMITING INSTRUCTION

■ On the day of trial, and prior to any testimony, Reeves, the State, and the trial court discussed Reeves's opposition to the introduction of extraneous offenses and the timing of necessary limiting instructions. Reeves was given a "running" objection to the introduction of the extraneous offenses. The State agreed to a limiting instruction in the charge so that Reeves would not be required to continually ask the court for an instruction during the victim's testimony. There would be many extraneous offenses testified to by the victim. The court proposed a limiting instruction, and neither party opposed the form of the instruction. The State requested the court to give the instruction at the beginning of the victim's testimony as well. Reeves asked that the court give the instruction each time extraneous offense evidence was admitted. The trial court denied Reeves' request.

At the beginning of the victim's testimony, the trial court gave the jury a limiting instruction. Reeves did not pursue any additional instructions during the victim's testimony. The trial court supplied the jury with an additional limiting instruction in its written charge.

In his first issue, Reeves complains that the trial court erred in failing to give a limiting instruction each time extraneous offense evidence was admitted during the victim's testimony. The rules of evidence provide:

> When evidence which is admissible as to one party or for one purpose but not admissible as to another party or for another purpose is admitted, the court, upon request, shall restrict the evidence to its proper scope and instruct the jury accordingly; but, in the absence of such request the court's action in admitting such evidence without limitation shall not be a ground for complaint on appeal.

TEX.R. EVID. 105(a). The Court of Criminal Appeals has consistently interpreted this rule to require a request for a limiting instruction at the moment the evidence is admitted. *Hammock v. State*, 46 S.W.3d 889, 893–94 (Tex.Crim.App.2001); *Rankin v. State*, 974 S.W.2d 707, 713 (Tex.Crim. App.1996); *Garcia v. State*, 887 S.W.2d 862, 878 (Tex.Crim.App.1994).

■ Reeves's request amounted to a request that the trial court recognize the extraneous offense evidence and, sua sponte, give a limiting instruction each time it was admitted. Granted, a trial court cannot delay in giving a limiting instruction, timely requested, until the end of the trial. *Rankin*, 974 S.W.2d at 713. However, the burden of timely requesting a limiting instruction is on the party opposing the general admission of the evidence. *Garcia*, 887 S.W.2d at 878. There is nothing in the plain language of Rule

105 or the case law that requires the trial court, upon a pre-trial request, to recognize each instance of extraneous offense evidence and deliver a limiting instruction at each instance. *Cf. Gone v. State*, 54 S.W.3d 27, 31–32 (Tex.App.-Texarkana 2001, pet. ref'd)(where appellant made pre-trial request for limiting instruction and did not subsequently request instruction at the time the evidence was admitted, failure of trial court to instruct jury in its charge is not preserved). Thus, the trial court did not err in not giving a limiting instruction each time extraneous offense evidence was admitted without a timely request by Reeves. Issue one is overruled.

### ARTICLE 38.37

In his second issue, Reeves contends that article 38.37 of the Code of Criminal Procedure is unconstitutional. *See* TEX. CODE CRIM. PROC. ANN. art. 38.37 (Vernon Pamp.2003). We have previously held article 38.37 to be constitutional. *Brantley v. State*, 48 S.W.3d 318, 330 (Tex.App.-Waco 2001, pet. ref'd). Reeves has not persuaded us to decide any differently today. His second issue is overruled.

### CONCLUSION

Having overruled Reeves's two issues, the trial court's judgment is affirmed.