NUMBER 13-01-398-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG








XAVIER RODRIGUEZ
, Appellant,


v.



THE STATE OF TEXAS, Appellee.





On appeal from the County Court at Law No. 2


of Cameron County, Texas.






MEMORANDUM OPINION



Before Justices Hinojosa, Yañez, and Castillo


Memorandum Opinion by Justice Castillo


 A jury convicted Xavier Rodriguez of driving while intoxicated. (1) Rodriguez
challenges the trial court's denial of his requested jury instruction. We affirm.

I. FACTS


 On January 7, 2001, Rodriguez was driving on State Highway 100 in Cameron
County, Texas. It is undisputed that he had consumed alcoholic beverages. A Los
Fresnos police officer, Gilbert R. Losoya, stopped him for exceeding the speed limit and
for having a defective license plate lamp. During the traffic stop, Losoya detected the
odor of alcohol emanating from the vehicle. He also noticed that Rodriguez had
bloodshot eyes and slurred speech. Rodriguez got out of his vehicle to examine the
condition of the license plate lamp. Although Losoya did not notice any signs of
intoxication in Rodriguez's movements, the odor of alcohol prompted the officer to ask
Rodriguez to consent to field sobriety tests. Rodriguez consented. 

 Losoya administered three field sobriety tests to Rodriguez. After determining
that Rodriguez failed the tests, the officer arrested him. Losoya recited Miranda
warnings and D.W.I. statutory warnings to Rodriguez in the police station booking
room. See generally Miranda v. Arizona, 384 U.S. 436 (1966). Rodriguez indicated
that he did not want to take the alcohol breath test and chose not to answer interview
questions. 

 During trial, the trial court admitted into evidence a videotape of the events that
took place in the booking room. Rodriguez did not object to introduction of the video,
nor did he request an instruction limiting the jury's consideration of the video. The
State played the video for the jury. It showed Rodriguez's invocation of his right to
counsel, his silence after recitation of the Miranda warnings, and his refusal to take an
alcohol breath test. After the tape was played for the jury, Rodriguez asked the trial
court to add a limiting instruction to the jury charge that "a request for counsel, and
silence after the Miranda warnings are given do not carry an inference of guilt, and the
reason for refusal to submit to a breath test is inadmissible." The trial court denied
Rodriguez's requested instruction. Later, Losoya testified that Rodriguez refused to
submit to a breath test. Rodriguez neither objected to this testimony nor requested
a limiting instruction regarding Losoya's testimony. 

 On appeal, Rodriguez claims that the trial court erred by refusing to instruct the
jury that: (1) a request for counsel does not carry with it the inference of guilt;
(2) silence after Miranda warnings are issued does not carry an inference of guilt; and
(3) the reason for refusing to submit to a breath test is inadmissible. 

II. LIMITING INSTRUCTIONS TO THE JURY AND WAIVER


 A party opposing evidence has the burden of requesting the limiting instruction
at the introduction of the evidence. Hammock v. State, 46 S.W.3d 889, 892 (Tex.
Crim. App. 2001) (quoting Garcia v. State, 887 S.W.2d 862, 878 (Tex. Crim. App.
1994)). If the jury is required to consider evidence in a limited manner, then it must
do so from the moment the evidence is admitted. Id. at 894. Allowing the jury to
consider evidence for all purposes and then telling them to consider that same
evidence for a limited purpose asks the jury to do the impossible. Id. To be effective,
a limiting instruction must be given when the evidence is admitted. Id. (citing Rankin
v. State, 974 S.W.2d 707, 713 (Tex. Crim. App. 1998) (op. on reh'g)). Therefore,
limiting instructions should be given to the jury twice: once when the evidence is
admitted and again in the charge. Id. at 895 (citing Rankin, 974 S.W.2d at 712 n.3). 
 Rodriguez did not ask for a limiting instruction at the introduction of the
videotape. The videotape was admitted for all purposes. The trial court was not
required to include a limiting instruction in the charge to the jury. See id. Accordingly,
we hold that Rodriguez waived any error with respect to the trial court's refusal to
include in the jury charge an instruction limiting the jury's consideration of the
videotape.

III. CONCLUSION


 Having overruled Rodriguez's issue on appeal, we affirm the judgment of the
trial court. 

 ERRLINDA CASTILLO

 Justice


Do not publish.

Tex. R. App. P. 47.2(b).


Opinion delivered and filed

this 30th day of October, 2003.

 
1. Tex. Pen. Code Ann. § 49.04(a) (Vernon 2003)
.