Opinion issued May 27, 2004












In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00163-CR




STEVE RAY DAVIS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 21st District Court
Washington County, Texas
Trial Court Cause No. 13,637




MEMORANDUM OPINION

          Appellant, Steve Ray Davis, pleaded not guilty to the charge of possession of
a controlled substance, namely cocaine weighing less than one gram, and true to two
punishment enhancement paragraphs. After a jury convicted appellant, the trial court 
found both enhancement paragraphs true and assessed punishment at 20 years in
prison. In two issues, appellant contends that the trial court erred by admitting
hearsay documents concerning appellant’s arrest warrant, and by declining to give an
extraneous-offense limiting instruction in the jury charge. We affirm.
Background
          On April 8, 2002, a detective with the Brenham Police Department went to the
home of LaNel Truxillo, at the request of her father, to conduct a welfare check. 
After learning that Truxillo lived at her home with appellant, her boyfriend, the
detective checked police computers to determine whether appellant had any
outstanding warrants for his arrest and learned that there was an outstanding warrant
for appellant’s arrest from the Texas Board of Pardons and Parole.
          The following evening, police officers with the Brenham Police Department
returned to Truxillo’s house to arrest appellant and encountered him in the back yard. 
When appellant and the officers went into the house, the officers informed appellant
that they had a warrant for his arrest. As a detective attempted to handcuff appellant,
appellant jerked his left hand away, grabbed the hat he was wearing off his head, and
attempted to pass it to Truxillo. After the detective took the hat from appellant, the
officers discovered a small rock of crack cocaine wrapped in a piece of white paper
towel in the rim of the hat.
“Hearsay” Documents
          In his first issue, appellant contends that the trial court committed reversible
error by admitting hearsay documents that were marked as State’s exhibits eight, nine,
and 10. State’s exhibit number eight, a copy of a “Fuginet” report on appellant,
includes his photo, physical description, last known address, and law-enforcement
identification numbers. State’s exhibit numbers nine and 10 are copies of Texas
Crime Information Center (TCIC) computer printouts that contain the same
information as State’s exhibit eight, but also state that appellant is a parole violator
for the offense of burglary of a habitation.
          We review a trial court’s evidentiary rulings under an abuse of discretion
standard. Sauceda v. State, 129 S.W.3d 116, 120 (Tex. Crim. App. 2004). We will
not reverse the trial court’s ruling if the ruling falls within the zone of reasonable
disagreement. Torres v. State, 71 S.W.3d 758, 760 (Tex. Crim. App. 2002). If the
trial court’s ruling was correct on any theory of law applicable to the case that was
before the trial court at the time it made the ruling, we must uphold the judgment. 
Sauceda, 129 S.W.3d at 120. “Hearsay” is a statement, other than one made by the
declarant while testifying at the trial or hearing, that is offered in evidence to prove
the truth of the matter asserted. Tex. R. Evid. 801(d). An extrajudicial statement or
writing that is offered to show what was said, rather than for the truth of the matter
stated, does not constitute hearsay. Dinkins v. State, 894 S.W.2d 330, 347 (Tex.
Crim. App. 1995).
          The detective who arrested appellant testified that when an arrest warrant is
issued, the information is entered into TCIC. Any law enforcement officer can submit
an individual’s identifying information into the TCIC system to learn whether any
outstanding warrants for the person exist. If TCIC indicates that a person is wanted,
police officers will verify whether the arrest warrant is active by contacting the
agency that issued the warrant. An individual is not arrested based solely on an
unconfirmed TCIC response.
          The TCIC and Fuginet documents admitted into evidence were not used to
prove the truth of the matter asserted, that there was an active warrant for appellant’s
arrest, but merely to show that the detective’s decision to investigate appellant further
following the welfare check was founded upon a reasonable basis. The detective’s
testimony established that the TCIC responses alone were not sufficient to establish
that an active warrant existed and also established that he would not act on those
responses alone. Moreover, the detective testified that he checked Fuginet to obtain
a photograph of appellant and to see whether the warrant was in the Fuginet system. 
The detective’s testimony established that he determined the warrant was active and
valid by contacting the agency that issued the warrant, and not by the TCIC or
Fuginet response. Under these circumstances, the TCIC and Fuginet documents are
not hearsay because they were not used to establish that a warrant for appellant was 
active and valid, but merely to show that the steps that the detectives took to
investigate appellant were reasonable.


 Therefore, the exhibits were offered to show
what they said, and not for their truth. See Dinkins, 894 S.W.2d at 347. We conclude
that State Exhibit’s eight, nine, and 10 were not hearsay and that the trial court did
not abuse its discretion by admitting the exhibits into evidence.
          We overrule appellant’s first issue.
Jury-Charge Limiting Instruction
          In his second issue, appellant contends that the trial court erred by refusing to
include a limiting instruction regarding consideration of extraneous-offense evidence
in the jury charge at the guilt phase of trial. Appellant contends that he was entitled
to an extraneous-offense limiting instruction because Truxillo testified that appellant
did not possess cocaine when the officers arrested him, but that he had possessed
cocaine earlier that same day.
 
          Rule 105(a) of the Rules of Evidence states as follows:When evidence which is admissible as to one party or for one purpose
but not admissible as to another party or for another purpose is admitted,
the court, upon request, shall restrict the evidence to its proper scope
and instruct the jury accordingly; but, in the absence of such request the
court’s action in admitting such evidence without limitation shall not be
a ground for complaint on appeal.
 
Tex. R. Evid. 105(a). Citing rule 105(a), The Court of Criminal Appeals has
construed rule 105(a) as requiring the party opposing evidence to object and request
the limiting instruction when the evidence is introduced. Hammock v. State, 46
S.W.3d 889, 894 (Tex. Crim. App. 2001); Garcia v. State, 887 S.W.2d 862, 878 (Tex.
Crim. App. 1994). When a defendant does not request a limiting instruction at the
first opportunity, the evidence is admitted for all purposes. See Hammock, 46 S.W.3d
at 895; Garcia, 887 S.W.2d at 878. Once evidence is admitted for all purposes, a trial
court need not issue a limiting instruction to the jury regarding that evidence. 
Hammock, 46 S.W.3d at 895.
          Because appellant did not request a limiting instruction when Truxillo testified
regarding the extraneous offense, the evidence was admitted for all purposes, and
appellant was not entitled to a limiting instruction in the jury charge. See id. Thus,
we hold that the trial court did not err by declining to include a limiting instruction
in the jury charge regarding the admitted extraneous-offense evidence.
          We overrule appellant’s second issue.
 
Conclusion
          We affirm the judgment of the trial court.
 

                                                             Elsa Alcala
                                                             Justice
 
Panel consists of Chief Justice Radack and Justices Alcala and Bland.
Do not publish. Tex. R. App. P. 47.2(b),