

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-76,094

**EX PARTE GUY BERNARD MUNSCH, II, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 0671009-F IN THE CRIMINAL DISTRICT COURT NO. TWO FROM TARRANT COUNTY

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual assault of a child and indecency with a child and sentenced to forty years' and twenty years' imprisonment, respectively. The Second Court of Appeals affirmed his conviction. *Munsch v. State*, No. 2-99-202-CR (Tex. App. – Fort Worth, May 24, 2001, pet ref'd).

Applicant contends, *inter alia*, that trial counsel rendered ineffective assistance in the aggravated sexual assault of a child conviction because he failed to request a limiting instruction to

the testimony of Ms. Waggoner that was offered and admitted as the complainant's prior inconsistent statement. The Applicant also contends that counsel was ineffective when he failed to object to the offer and admission of Ms. Waggoner's testimony as the complainant's prior inconsistent statement, when the State had failed to lay the predicate under Tex. Rules of Evid. Rule 613 (a) and used Ms. Waggoner's testimony to add to the complainant's testimony, not impeach it.

The trial court has determined that trial counsel rendered effective assistance. However, this determination is not supported by the record. The record reflects that the only evidence presented to the jury that penetration occurred in the aggravated sexual assault conviction was that of Ms. Waggoner. It is also clear from the record that the intermediate appellate court, when considering the Applicant's insufficiency of the evidence claim, considered Ms. Waggoner's testimony for the truth of the matter asserted, and that a limiting instruction from the trial court would not only have been appropriate, but essential, to ensure that the jury did not misuse impeachment evidence as substantive evidence of guilt. Because Ms. Waggoner's testimony about what the complainant had told her was admitted as complainant's prior inconsistent statement, a limiting instruction would have been appropriate. *Routier v. State*, 112 S.W.3d 554, 591 (Tex. Crim. App. 2003). Therefore, counsel's failure to request one as soon as the testimony was admitted constituted deficient performance. *Hancock v. State*, 46 S.W.3d 889, 895 (Tex. Crim. App. 2001). The Applicant has shown that counsel's performance was deficient, and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668 (1984).

Relief is granted. The judgment in Cause No. 0671009-F from the Criminal District Court Number Two Judicial District Court of Tarrant County is set aside, and Applicant is remanded to the custody of the Sheriff of Tarrant County to answer the charge against him.

We decline to consider the Applicant's double jeopardy issue.

Delivered: February 4, 2009
Do Not Publish