

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

### NO. PD-1780-08

---

### PAMELA SHAREKA LANGHAM, Appellant

### v.

### THE STATE OF TEXAS

---

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE ELEVENTH COURT OF APPEALS
### TAYLOR COUNTY

---

**HERVEY, J., filed a dissenting opinion in which KELLER, P.J., and KEASLER, J., joined.**

### DISSENTING OPINION

I respectfully dissent. I have some reservations about whether the confidential informant's out-of-court statements (essentially that appellant and her boyfriend were involved in drug dealing at their home) were "testimonial" for Confrontation Clause purposes since these statements appear to refer to conduct for which appellant was never charged. *See* Maj. Op. at 15 (citing *Cromer* for the proposition that "an out-of-court statement by a confidential informant to the police asserting that the accused committed the *charged* conduct is testimonial") (emphasis supplied); *Langham v. State*,

269 S.W.3d 108, 113 (Tex.App.–Eastland 2008) ("statements made by the confidential informant were not given to prove events of the past in a criminal prosecution in relation to those past events"). I will, however, assume that they are "testimonial."

I understand the Court's opinion to decide that, even though the confidential informant's out-of-court statements could have been offered by the State as "background information" to explain why Smith obtained a search warrant for appellant's home and not for their truth, the admission of these statements for this "background information" purpose would still have violated appellant's Confrontation Clause rights because these statements provided too many unnecessary details increasing the risk that the jury would not use these statements for their "background information" purpose but would use them for improper purposes, that could have violated appellant's Confrontation Clause rights. *See* Maj. Op. at 21 ("too much damning information will erode judicial confidence that the accused has truly enjoyed his Sixth Amendment right to confront *all* of 'the witnesses against him'"). This, however, is what limiting instructions are for. If the confidential informant's out-of-court statements were offered as "background information" and not for their truth, their admission raises no Confrontation Clause concerns no matter how damning the information contained in these statements. *See* Maj. Op. at 14 n.26 (out-of-court statements not offered to prove truth of matter asserted in them raises no Confrontation Clause concerns).

Under these circumstances, appellant's Confrontation Clause objection was not a proper objection. Appellant should have requested a limiting instruction for the jury to consider this evidence not for its truth but as "background information"[1] and further objected that this "background

---

[1] *See* TEX. R. EVID. 105(a).

information" contained too many unnecessary details which were either irrelevant to this "background information" purpose or unfairly prejudicial.[2]

The Court's opinion then decides that, even if the confidential informant's out-of-court statements were admitted as "background information" and not for their truth, the State actually used these statements (especially during closing jury arguments) for their truth which violated appellant's Confrontation Clause rights. *See* Maj. Op. at 21-22. But, with appellant not having requested a limiting instruction and not having made any other valid objection to the admissibility of these

---

[2]

The majority opinion states that a reviewing court cannot uphold the trial court's evidentiary ruling, admitting the confidential informant's out-of-court statements, under the applicable-to-the-case "background information" legal theory under this Court's decision in *Vinson v. State*, 252 S.W.3d 336, 340 (Tex.Cr.App. 2008), because the State did not carry its burden to overcome appellant's stated Confrontation Clause objection. *See* Maj. Op. at 22 n.40. *Vinson*, however, is distinguishable from this case primarily because, in *Vinson*, the only purpose for which the evidence in that case could have been admitted was for its truth and the State failed to establish a critical fact in the trial court that would have supported the trial court's ruling admitting the evidence over the defendant's Confrontation Clause objection. *See Vinson*, 252 S.W.3d at 341 (the record presented showed that the defendant had been removed from the home when the declarant made the out-of-court statements at issue and the State failed to show otherwise). The record presented in *Vinson*, therefore, did not support the trial court's ruling admitting the declarant's out-of-court statements for the only purpose for which they could have been admitted. *See id*.

In this case, the trial court's ruling admitting the confidential informant's out-of-court statements can be upheld under the supported-by-the-record and applicable-to-the-case legal theory that this evidence was admissible for a "background information" purpose. The record further reflects that appellant made no objection that this evidence was not admissible on this basis or on any other basis such as this evidence contained too many unnecessary and unfairly prejudicial details. *See Vinson*, 252 S.W.3d at 340 (if no objection is made, the evidence is generally deemed admissible). The State thus had no obligation to overcome these objections to the admissibility of this evidence for this "background information" purpose. *See Vinson*, 252 S.W.3d at 340 (once an objection is made, the proponent must demonstrate that the proffered evidence overcomes the stated objection). *Vinson* should not be read as abrogating the well-settled rule that a trial court's ruling admitting evidence will be upheld on appeal if it is correct under any legal theory applicable to the case. *See, e.g., Willover v. State*, 70 S.W.3d 841, 845 (Tex.Cr.App. 2002) (reviewing court must uphold trial court's ruling if it is reasonably supported by the record and is correct under any theory of law applicable to the case).

statements at the time they were admitted, the State could lawfully have used them for this purpose. *See Hammock v. State*, 46 S.W.3d 889, 895 (Tex.Cr.App. 2001) (evidence admitted for all purposes when party does not request limiting instruction at the first opportunity).

In addition, as I understand the majority opinion, since Smith could properly have provided the jury with the "background information" that he obtained the search warrant for appellant's home based on information he received from a confidential informant that drug dealing was occurring at that location, and with this testimony not having been limited and thus admitted for all purposes, any error in admitting the rest of the confidential informant's out-of-court statements, stating that appellant and her boyfriend were engaged in drug dealing at the home, was harmless. Any Confrontation Clause error in admitting these out-of-court statements stating that appellant and her boyfriend were engaged in drug dealing at the home, when considered with the properly admitted evidence, including the evidence that appellant lived at what the police believed was a drug-dealing location, did not cause the jury to convict appellant or materially affect the jury's deliberations. *See Davis v. State*, 203 S.W.3d 845, 850-52 (Tex.Cr.App. 2006).

Some of the most damaging testimony to appellant's case came from appellant herself.[3] Even on this cold record, an appellate court could reasonably conclude that a jury would not have found

---

[3]

The record reflects that appellant testified against the advice of her lawyer who stated on the record that it was "stupid for her to testify."

[ DEFENSE]: I would like to call [appellant] to the stand outside the presence of the jury.

* * *

She wants to testify and I think it's stupid for her to testify.

[TRIAL COURT]: Well, we'll use the word "ill-advised" . . . .

appellant to be a very credible witness. The trial court, who observed appellant testify and her demeanor, even commented on this when assessing appellant's sentence during the sentencing hearing.

> [TRIAL COURT]: Ms. Langham, I want you to understand that–that your statement from the witness stand during the trial was about as disappointing as I can recall because I think that you, with full intent and not doing a very good job, didn't tell me the truth. And I'm not sure I've had anybody as blatantly do that as you did.

The record in this case clearly demonstrates that the jury would have convicted appellant with or without the admission into evidence of the informant's out-of-court statements that appellant and her boyfriend sold drugs at the home.

I respectfully dissent.

Hervey, J.

Filed: March 3, 2010
Publish