IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1780-08






PAMELA SHAREKA LANGHAM, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE ELEVENTH COURT OF APPEALS


TAYLOR COUNTY





 Hervey, J., filed a dissenting opinion in which Keller, P.J., and Keasler, J.,
joined. 

 

DISSENTING OPINION 



 I respectfully dissent. I have some reservations about whether the confidential informant's
out-of-court statements (essentially that appellant and her boyfriend were involved in drug dealing
at their home) were "testimonial" for Confrontation Clause purposes since these statements appear
to refer to conduct for which appellant was never charged. See Maj. Op. at 15 (citing Cromer for
the proposition that "an out-of-court statement by a confidential informant to the police asserting that
the accused committed the charged conduct is testimonial") (emphasis supplied); Langham v. State,
269 S.W.3d 108, 113 (Tex.App.-Eastland 2008) ("statements made by the confidential informant
were not given to prove events of the past in a criminal prosecution in relation to those past events"). 
I will, however, assume that they are "testimonial."

 I understand the Court's opinion to decide that, even though the confidential informant's out-of-court statements could have been offered by the State as "background information" to explain why
Smith obtained a search warrant for appellant's home and not for their truth, the admission of these
statements for this "background information" purpose would still have violated appellant's
Confrontation Clause rights because these statements provided too many unnecessary details
increasing the risk that the jury would not use these statements for their "background information"
purpose but would use them for improper purposes, that could have violated appellant's
Confrontation Clause rights. See Maj. Op. at 21 ("too much damning information will erode judicial
confidence that the accused has truly enjoyed his Sixth Amendment right to confront all of 'the
witnesses against him'"). This, however, is what limiting instructions are for. If the confidential
informant's out-of-court statements were offered as "background information" and not for their truth,
their admission raises no Confrontation Clause concerns no matter how damning the information
contained in these statements. See Maj. Op. at 14 n.26 (out-of-court statements not offered to prove
truth of matter asserted in them raises no Confrontation Clause concerns).

 Under these circumstances, appellant's Confrontation Clause objection was not a proper
objection. Appellant should have requested a limiting instruction for the jury to consider this
evidence not for its truth but as "background information" (1)and further objected that this "background
information" contained too many unnecessary details which were either irrelevant to this
"background information" purpose or unfairly prejudicial. (2)

 The Court's opinion then decides that, even if the confidential informant's out-of-court
statements were admitted as "background information" and not for their truth, the State actually used
these statements (especially during closing jury arguments) for their truth which violated appellant's
Confrontation Clause rights. See Maj. Op. at 21-22. But, with appellant not having requested a
limiting instruction and not having made any other valid objection to the admissibility of these
statements at the time they were admitted, the State could lawfully have used them for this purpose. 
See Hammock v. State, 46 S.W.3d 889, 895 (Tex.Cr.App. 2001) (evidence admitted for all purposes
when party does not request limiting instruction at the first opportunity).

 In addition, as I understand the majority opinion, since Smith could properly have provided
the jury with the "background information" that he obtained the search warrant for appellant's home
based on information he received from a confidential informant that drug dealing was occurring at
that location, and with this testimony not having been limited and thus admitted for all purposes, any
error in admitting the rest of the confidential informant's out-of-court statements, stating that
appellant and her boyfriend were engaged in drug dealing at the home, was harmless. Any
Confrontation Clause error in admitting these out-of-court statements stating that appellant and her
boyfriend were engaged in drug dealing at the home, when considered with the properly admitted
evidence, including the evidence that appellant lived at what the police believed was a drug-dealing
location, did not cause the jury to convict appellant or materially affect the jury's deliberations. See
Davis v. State, 203 S.W.3d 845, 850-52 (Tex.Cr.App. 2006).

 Some of the most damaging testimony to appellant's case came from appellant herself. (3) Even
on this cold record, an appellate court could reasonably conclude that a jury would not have found
appellant to be a very credible witness. The trial court, who observed appellant testify and her
demeanor, even commented on this when assessing appellant's sentence during the sentencing
hearing.

 [TRIAL COURT]: Ms. Langham, I want you to understand that-that your statement
from the witness stand during the trial was about as disappointing as I can recall
because I think that you, with full intent and not doing a very good job, didn't tell me
the truth. And I'm not sure I've had anybody as blatantly do that as you did.


 The record in this case clearly demonstrates that the jury would have convicted appellant with
or without the admission into evidence of the informant's out-of-court statements that appellant and
her boyfriend sold drugs at the home. 

 I respectfully dissent.

 Hervey, J.


Filed: March 3, 2010

Publish
1. See Tex. R. Evid. 105(a). 
2. The majority opinion states that a reviewing court cannot uphold the trial court's evidentiary
ruling, admitting the confidential informant's out-of-court statements, under the applicable-to-the-case "background information" legal theory under this Court's decision in Vinson v. State, 252
S.W.3d 336, 340 (Tex.Cr.App. 2008), because the State did not carry its burden to overcome
appellant's stated Confrontation Clause objection. See Maj. Op. at 22 n.40. Vinson, however, is
distinguishable from this case primarily because, in Vinson, the only purpose for which the evidence
in that case could have been admitted was for its truth and the State failed to establish a critical fact
in the trial court that would have supported the trial court's ruling admitting the evidence over the
defendant's Confrontation Clause objection. See Vinson, 252 S.W.3d at 341 (the record presented
showed that the defendant had been removed from the home when the declarant made the out-of-court statements at issue and the State failed to show otherwise). The record presented in Vinson,
therefore, did not support the trial court's ruling admitting the declarant's out-of-court statements
for the only purpose for which they could have been admitted. See id.

 In this case, the trial court's ruling admitting the confidential informant's out-of-court
statements can be upheld under the supported-by-the-record and applicable-to-the-case legal theory
that this evidence was admissible for a "background information" purpose. The record further
reflects that appellant made no objection that this evidence was not admissible on this basis or on
any other basis such as this evidence contained too many unnecessary and unfairly prejudicial details. 
See Vinson, 252 S.W.3d at 340 (if no objection is made, the evidence is generally deemed
admissible). The State thus had no obligation to overcome these objections to the admissibility of
this evidence for this "background information" purpose. See Vinson, 252 S.W.3d at 340 (once an
objection is made, the proponent must demonstrate that the proffered evidence overcomes the stated
objection). Vinson should not be read as abrogating the well-settled rule that a trial court's ruling
admitting evidence will be upheld on appeal if it is correct under any legal theory applicable to the
case. See, e.g., Willover v. State, 70 S.W.3d 841, 845 (Tex.Cr.App. 2002) (reviewing court must
uphold trial court's ruling if it is reasonably supported by the record and is correct under any theory
of law applicable to the case).
3. The record reflects that appellant testified against the advice of her lawyer who stated on the
record that it was "stupid for her to testify."


 [ DEFENSE]: I would like to call [appellant] to the stand outside the presence of the
jury.

* * *

 She wants to testify and I think it's stupid for her to testify.


 [TRIAL COURT]: Well, we'll use the word "ill-advised" . . . .