Opinion issued March 18, 2010

                                                                        

 

 

 

 

 



 

 

 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-09-00260-CR

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



FREDDIE LEE GILMORE, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 



On Appeal from the 177th District Court

Harris County, Texas

Trial Court Cause No. 1168358

 

 



MEMORANDUM OPINION

          A
jury convicted Freddie Lee Gilmore of possession with intent to deliver a
controlled substance, cocaine, between four and 200 grams.  See
Tex. Health & Safety Code Ann.
§§ 481.102(3)(D), 481.112(d) (Vernon Supp. 2009).  After Gilmore pleaded true to the allegations
in two enhancement paragraphs, that he had two prior felony convictions, the
trial court assessed punishment at twenty-five years’ confinement.  On appeal, Gilmore contends that the trial
court erred by instructing the jury orally and in the charge that they could consider
evidence found inside the raided house, but unconnected to Gilmore, as “background
contextual” evidence but could not use the evidence to infer Gilmore’s guilt.  We hold that Gilmore failed to preserve any
error for review regarding the two oral instructions because he did not object to
them in the trial court.  We further hold
that trial court did not commit egregious error under Almanza by including such an instruction in the written charge.  We therefore affirm.

Background

On May 23, 2008, Houston Police
Department officers executed a search warrant for narcotics at Gilmore’s
uncle’s house.  When the officers arrived,
Gilmore and two other men, who were standing in front of the house, began
walking away from the police car toward the backyard.  When the police raid van pulled up, one man
ran into the house while Gilmore and Wilbert Citizens ran into the
backyard.  Officers Berg and Crawford,
who were in the police car, ran after Citizens and Gilmore.  While they were running, Citizens threw a bag
of crack cocaine to the ground and then surrendered to the officers when he was
unable to climb the backyard fence.  Gilmore,
however, continued running through the yard back toward the front of the
house.  While he was running, he tossed a
bag containing twenty-four grams of crack cocaine onto the ground.[1]  After climbing a fence, Gilmore ran into
Officer Holland, who arrested him.

Officer Berg testified that, inside
the house, one individual was attempting to dispose of crack cocaine by
throwing it down a drain pipe.  The trial
court admitted, without objection, two pictures depicting the pipe and the
cocaine found inside of it.  The
prosecutor then showed Officer Berg a series of photographs taken of the inside
of the house, and offered these pictures into evidence.  Defense counsel objected on the grounds that
the pictures were not relevant to the charges against Gilmore and no evidence
that Gilmore resided at the house or observed anything occurring inside the
house existed.  The prosecutor responded
that Gilmore was charged with possession and possession with intent to deliver,
and the pictures indicated that the house was a “crack house” and that
“everyone at the scene [was] involved in a drug dealing enterprise.”  The trial judge stated that he thought the
pictures were “background contextual evidence necessary for a full
understanding of the case” and admitted the pictures.  Defense counsel did not request a limiting instruction,
nor did he request a running objection regarding the relevancy of this evidence.  The pictures showed $700 and a .38 caliber
pistol located inside the house.  The
State then offered another picture depicting cocaine residue located on a plate
and the kitchen countertops.  Gilmore did
not object to the admission of this picture.

After the prosecutor finished
questioning Officer Berg about how much cocaine the officers had found in
various locations in and around the house, the trial court gave the following
unrequested oral instruction to the jury:

Ladies and gentlemen of the jury, evidence that you’ve
heard regarding other narcotics found in the house, the actions of the
co-defendant and the interior of the house is background contextual evidence.  It is not to be taken as evidence of guilt
against this Defendant.  Do you all
understand that?  It can only be used to
fill in the blanks to put this case in context and no evidence of guilt.  Are we clear?

 

Gilmore did not object to this
instruction.

          The
trial court included a substantially similar instruction in the jury charge:

You are further instructed that any evidence that any
witness has committed any crime was admitted before you for the purpose of
aiding you, if it does aid you, in putting the allegations in context, and you
will not consider the same for any other purpose.

 

Gilmore did not request the inclusion
of this instruction, nor did he object to this instruction.  During the State’s closing argument, the
prosecutor stated that:

And as the Judge said in his Jury Charge, this is all
contextual for when you weigh whether or not the Defendant is guilty of
delivery.  It is not exactly evidence of
his guilt of delivery, but as we talked about in voir dire, circumstantial
evidence in the context that you’re surrounded in and your actions in that
context can be weighed and used against him when you’re considering whether or
not this Defendant is just as guilty as everybody else in that house of the
manufacturing and the delivering of crack cocaine to the community.

 

Defense counsel objected on the
grounds of improper argument and began to clarify that the jury had been
advised to only consider the evidence for contextual purposes.  The trial court sustained the objection and
stated:  “There is an instruction that
background contextual evidence is to be used for that purpose and that purpose
only.  It cannot be used to infer guilt to
the Defendant.”  Gilmore also did not
object to this oral instruction.

Discussion

          Gilmore
contends that the trial court’s oral limiting instruction and written
instruction in the charge allowed the jury to hear evidence of “other crimes
and bad conduct that reflected on [Gilmore’s] character in a negative manner.”  Gilmore complains only of the trial court’s
instructions; he does not contend that the trial court erroneously admitted the
evidence.  At trial, Gilmore did not
object to the admission of the pictures of the cocaine in the drain pipe or the
cocaine residue on the plate and kitchen countertops.  Therefore, regarding this evidence, Gilmore
presents no error for review.  Tex. R. App. P. 33.1(a)(1)(A).

Gilmore objected to the admission of
the pictures depicting the $700 in cash and the pistol, solely on relevancy
grounds.  He did not lodge a Rule 404(b) extraneous
offense objection to the evidence.  A
relevancy objection “does not preserve error concerning a Rule 404[b]
extraneous offense claim.”  Medina v. State, 7 S.W.3d
633, 643 (Tex. Crim. App. 1999); Camacho
v. State, 864 S.W.2d 524, 533 (Tex. Crim. App. 1993).  Thus, Gilmore cannot argue on appeal that
this evidence constitutes inadmissible character evidence because he did not
complain of it in the trial court.

          The
trial court gave three limiting instructions instructing the jury to consider
the evidence of other narcotics and the contents of the interior of the house
solely as “background contextual evidence” and not to use this evidence to
infer Gilmore’s guilt.  The trial court
gave its first oral instruction at the end of Officer Berg’s direct testimony.  Neither Gilmore nor the State requested this
instruction, and Gilmore did not object to it. 
The trial court gave an almost identical oral instruction during the
State’s closing argument, after sustaining a defense objection on improper
argument grounds.  Gilmore did not object
to this oral instruction either.  We
therefore hold that Gilmore did not preserve any error in connection with the
oral instructions for appellate review.  Tex. R. App. P. 33.1(a)(1)(A).

Gilmore further contends that the
trial court erred by including a “background contextual evidence” instruction
in the charge.  When we review a jury
charge, we must first determine whether error exists, and if the trial court
did err, we must then determine whether the error was harmful.  See Ngo
v. State, 175 S.W.3d 738, 743 (Tex. Crim. App.
2005).  If, as here, the defendant did
not object to the charge error, we will reverse the conviction only if the
error constitutes “egregious harm.”  Almanza v. State, 686
S.W.2d 157, 171 (Tex. Crim. App. 1985).

When the trial court admits evidence
for a limited purpose, upon request by the defendant, the court “shall restrict
the evidence to its proper scope and instruct the jury accordingly.”  Tex.
R. Evid. 105(a).  If the defendant does not request a limiting
instruction at the time the evidence is admitted, the trial court “has no
obligation to limit the use of that evidence later in the jury charge.”  Delgado
v. State, 235 S.W.3d 244, 251 (Tex. Crim. App. 2007); Hammock v. State, 46 S.W.3d 889, 893 (Tex. Crim. App. 2001) (“[T]he
plain language of Rule 105(a) seems to place the relevant timing for a limiting
instruction request at the moment the evidence is admitted.”); see also Tex. R. Evid. 105(a) (“[I]n the absence of [a limiting
instruction] request the court’s action in admitting such evidence without
limitation shall not be a ground for complaint on appeal.”).  If the jury can only consider the evidence
for a particular purpose, “then it must do so from the moment the evidence is
admitted.  Allowing the jury to consider
evidence for all purposes and then telling them to consider that same evidence
for a limited purpose only is asking the jury to do the impossible.”  Hammock,
46 S.W.3d at 894. 
Once the trial court admits the evidence without a limiting instruction,
it is part of the general evidence and can be considered for all purposes.  Delgado,
235 S.W.3d at 251; Hammock, 46 S.W.3d
at 895; Williams v. State, 273 S.W.3d
200, 230 (Tex. Crim. App. 2008) (“A failure to request a limiting instruction
at the time evidence is presented renders the evidence admissible for all
purposes and relieves the trial judge of any obligation to include a limiting
instruction in the jury charge.”).

Here, the State initially offered six
pictures of the interior of the house, including pictures showing the $700 in
cash and the pistol.  Defense counsel
objected on relevancy grounds, arguing that the pictures were not “relevant to
what Mr. Gilmore is charged with” and no evidence that Gilmore resided at the
house or saw what happened inside existed. 
The trial court opined that the pictures were “background contextual
evidence necessary for a full understanding of the case” and the court
overruled Gilmore’s objection and admitted the pictures.  At this point, the trial court did not
instruct the jury that these pictures could only be considered for contextual
purposes and could not be considered to infer Gilmore’s guilt, and defense
counsel did not request such a limiting instruction.  The trial court did not limit the jury’s consideration
of this evidence until the end of the State’s direct examination of Officer
Berg, when it gave the following unsolicited instruction:

Ladies and gentlemen of the jury, evidence that you’ve
heard regarding other narcotics found in the house, the actions of the
co-defendant and the interior of the house is background contextual
evidence.  It is not to be taken as
evidence of guilt against this Defendant. 
Do you all understand that?  It
can only be used to fill in the blanks to put this case in context and no
evidence of guilt.  Are we clear?

 

Because Gilmore did not request a
limiting instruction on this evidence, the jury could consider the pictures of
the interior of the house for all purposes, and thus the trial court’s later oral
and written limiting instructions were not necessary.  See
Hammock, 46 S.W.3d at 895 (“Because the evidence in question was admitted
for all purposes, a limiting instruction on the evidence was not ‘within the
law applicable to the case,’ and the trial court was not required to include a
limiting instruction in the charge to the jury.”); see also Martin v. State, 176 S.W.3d 887, 899 (Tex. App.—Fort Worth
2005, no pet.) (holding extraneous offense evidence initially admitted for
limited purpose became admissible for all purposes when defendant failed to
timely request limiting instruction); Prescott
v. State, 123 S.W.3d 506, 515–16 (Tex. App.—San Antonio 2003, no pet.) (holding same).

          The
Hammock line of cases stands for the
proposition that the trial court is not required to give a limiting instruction
in the charge if the defendant does not timely request such an instruction at
the admission of the evidence.  See Hammock, 46 S.W.3d at 895; Williams, 273 S.W.3d at 230; Delgado, 235 S.W.3d at 254 (“[T]he trial
judge had no duty to include [a limiting instruction] in the jury charge for
the guilt phase because appellant failed to request one at the time the
evidence was offered.”).  These cases do
not prohibit the trial court from including a limiting instruction in the charge
even when the evidence is admissible for all purposes and even though the
defendant does not request such an instruction. 
We therefore hold that although the trial court was not required to give
a limiting instruction regarding the pictures of the interior of the house and the
evidence of other narcotics, the trial court did not commit egregious error by
instructing the jury that they could consider the evidence only for “background
contextual” purposes.

Conclusion

Gilmore did not object to the two
oral limiting instructions given by the trial court, and thus he failed to
preserve any error for review regarding these instructions.  Gilmore also did not request a limiting
instruction after the admission of the pictures of the interior of the house and
evidence of other narcotics, and therefore this evidence was
admissible for all purposes.  As such,
the trial court was not required to include a limiting instruction in the jury
charge; however, it did not commit an egregious error under Almanza by including an instruction
limiting the jury’s consideration of the evidence to “background contextual”
purposes.  We therefore affirm the
judgment of the trial court.

 

 

                                                          Jane Bland

                                                          Justice

 

Panel consists of Justices Jennings,
Hanks, and Bland.

Do Not Publish.  Tex. R. App. P. 47.2(b).











[1] Officer Berg testified that the cocaine weighed
twenty-four grams on the night it was recovered from the scene.  A month later, the chemist recorded the
cocaine’s weight at 17.4 grams.