# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00174-CR

**Bradley Travis Smith, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT
### NO. D-1-DC-07-302473, HONORABLE CHARLES F. BAIRD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Bradley Travis Smith of aggravated assault with a deadly weapon, *see* Tex. Penal Code Ann. § 22.02(a)(2) (West Supp. 2009), and the court sentenced him to twelve years in prison. Smith argues that the district court erred in refusing to instruct the jury that extraneous offenses cannot be considered for the purpose of showing character conformity. We affirm the judgment of conviction.

Smith and some friends, including Tyson Manker, Chris Panelli, and Tyrone Casteneda, spent the evening of October 9, 2007, going to bars and drinking. At a certain point in the evening, Smith became angry, left the group, and called his father to come pick him up. After he had arrived at his parents' house where he was living, Smith called Panelli and Casteneda and told them that he was going to intentionally damage Panelli's car. The group immediately drove

to Smith's house. A fight between Manker and Smith ensued, resulting in Manker's being stabbed multiple times.

Smith was indicted for aggravated assault with a deadly weapon. *See id.* The case was tried to a jury. At the charge conference, defense counsel argued that Smith's actions in vandalizing Panelli's vehicle amounted to the completed extraneous offense of criminal mischief and made a request for an extraneous offense limiting instruction, which was denied by the district court. The jury found Smith guilty as charged, and the court sentenced him to twelve years in prison.

In a single point of error, Smith argues that the trial court erred in refusing to instruct the jury that extraneous offenses cannot be considered for the purpose of showing character conformity. When reviewing allegations of charge error, an appellate court must undertake a two-step review: first, the court must determine whether error actually exists in the charge, and second, the court must determine whether sufficient harm resulted from the error to require reversal. *Abdnor v. State*, 871 S.W.2d 726, 731-32 (Tex. Crim. App. 1994). When, as here, a timely objection is made, error in the jury charge requires reversal if the error caused "some harm." *See Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g). In making this determination, "the actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole." *Id.*

Smith contends that evidence of his intentionally damaging Panelli's vehicle before the assault is evidence of an extraneous offense about which the jury should have been given a limiting instruction. According to Smith, the act was completed before Manker and Panelli arrived

and was "not so intermixed and connected to the injuries suffered by Manker that it constitutes a single, indivisible criminal transaction."

Rule of evidence 105(a) governs the granting of limiting instructions:

> When evidence which is admissible as to one party or for one purpose but not admissible as to another party or for another purpose is admitted, the court, upon request, shall restrict the evidence to its proper scope and instruct the jury accordingly; but, in the absence of such request the court's action in admitting such evidence without limitation shall not be a ground for complaint on appeal.

Tex. R. Evid. 105(a). To be entitled to a limiting instruction in the jury charge, the party seeking the instruction must make the request when the evidence is initially admitted. *See, e.g.*, *Williams v. State*, 273 S.W.3d 200, 230 (Tex. Crim. App. 2008) ("A failure to request a limiting instruction at the time evidence is presented renders the evidence admissible for all purposes and relieves the trial judge of any obligation to include a limiting instruction in the jury charge."); *Delgado v. State*, 235 S.W.3d 244, 251 (Tex. Crim. App. 2007); *Hammock v. State*, 46 S.W.3d 889, 894-95 (Tex. Crim. App. 2001).

Several of the witnesses testified to the events leading up to the assault, including the threatening phone calls and Smith's damaging Panelli's vehicle. When Smith took the stand, he admitted that he was angry, made threatening calls to Panelli and Casteneda, and slashed the tires and smashed the windows of Panelli's vehicle. All of this testimony was admitted without objection or request for a limiting instruction. Because no objection was made when the evidence was admitted, Smith was not entitled to a limiting instruction in the jury charge. *See Williams*, 273 S.W.3d at 230; *Delgado*, 235 S.W.3d at 251; *Hammock*, 46 S.W.3d at 894-95.

3

Even if Smith had been entitled to a limiting instruction, the district court's refusal to grant his request would have been harmless error. Smith made no objection to the admissibility of the evidence for other legitimate purposes, *see* Tex. R. Evid. 404(b), and the jury heard the evidence with no limiting instruction when the State presented its case-in-chief. As the court in *Hammock* points out: "When a limiting instruction is given for the first time at submission of the jury charge, the jury is allowed to consider the evidence in an inappropriate manner during the trial." 46 S.W.3d at 893.

In addition, viewing the record as a whole, there is no indication that Smith was harmed by the district court's refusal to grant a limiting instruction. *See Almanza*, 686 S.W.2d at 171. Smith argued self defense at trial and, accordingly, admitted to all elements of aggravated assault with a deadly weapon. Thus, the determinative issue was whether Smith reasonably believed that the use of deadly force was necessary to protect himself from the use or attempted use of unlawful deadly force by Manker. It was undisputed that Smith was angry and made threatening phone calls. Both Manker and Panelli testified that they were angry when they saw the damage to Panelli's vehicle, but made no threats to Smith. Both also testified that Smith had attacked Manker, who was unarmed. Manker suffered from ten stab wounds, while Smith was apparently uninjured. Based on this record, we cannot conclude that, even if Smith had been entitled to a limiting instruction, the district court's refusal to grant it would have been reversible error. *See id.* Accordingly, we overrule Smith's point of error.

4

Having overruled Smith's point of error, we affirm the judgment of conviction.

_____

G. Alan Waldrop, Justice

Before Chief Justice Jones, Justices Pemberton and Waldrop

Affirmed

Filed:   August 4, 2010

Do Not Publish