Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio




## OPINION

No. 04-09-00548-CR

J.J. **SALAZAR**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 79th Judicial District Court, Jim Wells County, Texas
Trial Court No. 08-04-12371-CR
Honorable Ricardo H. Garcia, Judge Presiding

Opinion by:    Sandee Bryan Marion, Justice

Sitting:       Catherine Stone, Chief Justice
               Sandee Bryan Marion, Justice
               Steven C. Hilbig, Justice

Delivered and Filed:  September 15, 2010

AFFIRMED

A jury found appellant, J.J. Salazar, guilty of theft over $200,000.00, and assessed punishment at twenty years' confinement and a $10,000.00 fine.  We affirm.

## DISCUSSION

At trial, witnesses testified that appellant was jailed for non-payment of child support; he got high on cocaine and was involved with drugs; he organized high-stakes poker games with "bad guys," he used enforcers, was an "operator," and was a street savvy hustler; he was

connected to organized crime; he wanted to be like the character in the movie *Heat*; and he celebrated in strip clubs. In a single issue on appeal, appellant asserts he was egregiously harmed by the trial court's failure to *sua sponte* instruct the jury that evidence of these extraneous acts could be considered (1) only for the purpose for which they were admitted and (2) only if the jury believed the acts occurred beyond a reasonable doubt.

A limiting instruction that extraneous acts must be considered only for the purpose for which they are offered should be given in the guilt-innocence-stage jury charge only if the defendant requested such an instruction at the time the evidence was first admitted. *Hammock v. State*, 46 S.W.3d 889, 895 (Tex. Crim. App. 2001). If the jury can only consider evidence for a particular purpose, "then it must do so from the moment the evidence is admitted." *Id.* at 894. "Allowing the jury to consider evidence for all purposes and then telling them to consider that same evidence for a limited purpose only is asking the jury to do the impossible." *Id.* Therefore, once the trial court admits evidence without a limiting instruction, it is part of the general evidence and can be considered for all purposes. *Id.* at 895. Here, when the evidence was first admitted appellant did not request an instruction that the extraneous acts must be considered only for the purpose for which they are offered; therefore, he was not entitled to such a limiting instruction in the jury charge. As to the instruction that the jury may consider the extraneous acts only if the jury believed the acts occurred beyond a reasonable doubt, a trial court is not required to *sua sponte* offer such an instruction. *See Delgado v. State*, 235 S.W.3d 244, 251 (Tex. Crim. App. 2007).

## CONCLUSION

We overrule appellant's issue on appeal and affirm the trial court's judgment.

Sandee Bryan Marion, Justice

Publish