OPINION

 

No. 04-09-00548-CR

 

J.J. Salazar,

Appellant

 

v.

 

The State of Texas,

Appellee

 

From the 79th
Judicial District Court, Jim Wells County, Texas

Trial Court No. 08-04-12371-CR

Honorable Ricardo H.
Garcia, Judge Presiding

 

Opinion by:    Sandee Bryan Marion, Justice

 

Sitting:                       Catherine Stone, Chief
Justice

                       Sandee
Bryan Marion, Justice

                       Steven
C. Hilbig, Justice

 

Delivered and
Filed:  September 15, 2010

 

AFFIRMED

 

A jury found appellant, J.J. Salazar, guilty of theft over $200,000.00, and assessed
punishment at twenty years’ confinement and a $10,000.00 fine.  We affirm.

DISCUSSION

At
trial, witnesses testified that appellant was jailed for non-payment of child
support; he got high on cocaine and was involved with drugs; he organized
high-stakes poker games with “bad guys,” he used enforcers, was an “operator,”
and was a street savvy hustler; he was connected to organized crime; he wanted
to be like the character in the movie Heat; and he celebrated in strip
clubs.  In a single issue on appeal, appellant asserts he was egregiously
harmed by the trial court’s failure to sua sponte instruct the jury that
evidence of these extraneous acts could be considered (1) only for the purpose
for which they were admitted and (2) only if the jury believed the acts
occurred beyond a reasonable doubt.  

A limiting instruction that extraneous acts must be
considered only for the purpose for which they are offered should be given in
the guilt-innocence-stage jury charge only if the defendant requested such an
instruction at the time the evidence was first admitted.  Hammock
v. State, 46 S.W.3d 889, 895 (Tex. Crim.
App. 2001).  If the jury can only consider evidence for a particular purpose, “then
it must do so from the moment the evidence is admitted.”  Id. at 894.  “Allowing the jury to consider evidence for
all purposes and then telling them to consider that same evidence for a limited
purpose only is asking the jury to do the impossible.”  Id.  Therefore, once the trial court admits evidence
without a limiting instruction, it is part of the general evidence and can be
considered for all purposes.  Id. at 895.  Here, when the evidence was first admitted
appellant did not request an instruction that the extraneous acts must be
considered only for the purpose for which they are offered; therefore, he was
not entitled to such a limiting instruction in the jury charge.  As to the
instruction that the jury may consider the extraneous acts only if
the jury believed the acts occurred beyond a reasonable doubt, a trial court is
not required to sua sponte offer such an instruction.  See Delgado v. State, 235 S.W.3d 244, 251 (Tex. Crim. App. 2007).




 

CONCLUSION

We overrule appellant’s issue on appeal and affirm
the trial court’s judgment.

 

 

Sandee Bryan Marion, Justice

 

Publish