**AFFIRM; and Opinion Filed September 20, 2013.**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-12-00218-CR**

**GAYLAND LAMONT EDWARDS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 7**
**Dallas County, Texas**
**Trial Court Cause No. F10-55217-Y**

## MEMORANDUM OPINION
Before Justices O'Neill, Lang-Miers, and Evans
Opinion by Justice O'Neill

A jury convicted appellant Gayland Lamont Edwards of aggravated sexual assault of a child, and the trial court sentenced him to sixty years' confinement. On appeal, he argues the trial court erred by failing to give a limiting instruction at the time the State admitted an extraneous offense, and the evidence is insufficient to support the trial court's order to pay $806 in court costs. We affirm the trial court's judgment.

### Background

Complainant was appellant's daughter. She testified that one day while her siblings were asleep and her mother was at work, appellant asked her to give him a massage. He then motioned for her to go lower and give him oral sex. She knew what he wanted because he pushed her head towards his penis and told her to suck it. She was about to enter the sixth grade at the time of the incident. She did not tell her siblings or mother what happened.

She testified appellant made her perform oral sex on him between five and ten times over a span of a couple of months. The prosecutor then asked complainant if appellant ever asked her or made her do anything else. She said one time appellant told her to take off her clothes, and then he made her "lay down and bend over so he could penetrate me." She clarified that his penis penetrated her vagina. She also testified this happened many times. The last time he had sex with her was the summer before her freshman year of high school.[1]

When complainant was fifteen, she confided in her boyfriend what was happening with her father. She then told her two best friends, who encouraged her to confide in her mother. Complainant eventually told her mother. Her mother called the police, complainant gave her statement, and appellant was arrested. The State indicted appellant for aggravated sexual assault of a child. The jury found him guilty. After pleading true to the enhancement allegation of burglary of a habitation, the trial court sentenced him to sixty years' imprisonment. This appeal followed.

## Limiting Instruction on Extraneous Offense

In his first issue, appellant argues the trial court erred by failing to give a limiting instruction at the time the State admitted an extraneous offense into evidence. The State responds appellant failed to object at the earliest possible time. Thus, the State contends appellant waived his complaint.

During a pretrial hearing, appellant objected to the admission of any extraneous offense testimony that appellant penetrated complainant's vagina with his sexual organ because he was indicted for penetrating her mouth with his sexual organ. The State responded the conduct was inextricably intertwined with the charged offense. The trial court overruled the objection. At no point during the pretrial hearing did appellant request a limiting instruction.

---

[1] At the time of trial, complainant was a high school junior.

Before complainant testified, appellant sought a running objection "based on what we went over at pretrial," which the trial court overruled. Again, appellant did not request a limiting instruction.

Not until after complainant finished her entire testimony, which included her describing vaginal intercourse with appellant, did appellant seek a limiting instruction on the "extraneous evidence related to vaginal penetration." The trial court again denied the request because it had "already ruled it is inextricably intertwined."

Texas Rule of Evidence 105(a) provides that when evidence is admissible for one purpose, but not for another purpose, the court, upon request, shall restrict the evidence to its proper scope and instruct the jury accordingly. TEX. R. EVID. 105(a). However, in the absence of such a request, the court's action in admitting such evidence without limitation shall not be a ground for complaint on appeal. *Id*. Thus, the party opposing evidence has the burden of objecting and requesting a limiting instruction at the time the evidence is admitted. *Id*.; *Hammock v. State*, 46 S.W.3d 889, 894 (Tex. Crim. App. 2001); *Beckett v. State*, No. 05-10-00331-CR, 2012 WL 955358, at \*8 (Tex. App.—Dallas March 22, 2012, pet. ref'd) (not designated for publication). Further, an objection to the admission of evidence and the request for a limiting instruction must be made when the evidence is first introduced for a party to be entitled to a limiting instruction regarding the proper use of the evidence. *Hammock*, 46 S.W.3d at 894. Once the evidence has been admitted without a limiting instruction, it is part of the general evidence and may be used for all purposes. *Delgado v. State*, 235 S.W.3d 244, 251 (Tex. Crim. App. 2007).

As stated in *Hammock*:

> If the jury is required to consider evidence in a limited manner, then it must do so from the moment the evidence is admitted. Allowing the jury to consider evidence for all purposes and then telling them to consider that same evidence for

> a limited purpose only is asking a jury to do the impossible. If a limiting instruction is to be given, it must be when the evidence is admitted to be effective.

*Hammock*, 46 S.W.3d at 894; *see also Cantu v. State*, No. 13-10-00047-CR, 2012 WL 664939, at *3 (Tex. App.—Corpus Christi Mar. 1, 2012, pet. ref'd) (appellant was required to request a limiting instruction as soon as the complained-of testimony was first admitted) (mem. op., not designated for publication).

As noted, appellant failed to request a limiting instruction at the moment complainant started testifying regarding vaginal penetration. Thus, the evidence was admitted for all purposes. Because appellant's request for a limiting instruction was untimely, the trial court properly overruled it. Accordingly, we agree with the State that appellant has presented nothing for review on appeal. *See Pardue v. State*, 252 S.W.3d 690, 698 (Tex. App.—Texarkana 2008, no pet.) (holding that because appellant failed to request a limiting instruction regarding the admission of a letter, he could not complain on appeal of its admission for all purposes); *Slaughter v. State*, 14-05-00863-CR, 2006 WL 2805564, at *3 (Tex. App.—Houston [14th Dist.] Oct. 3, 2006, no pet.) (mem. op., not designated for publication) (holding if the opponent of the evidence fails to request a limiting instruction when the evidence is first admitted, then it cannot complain on appeal about its admission). We overrule appellant's first issue.

### Court Costs

In his second issue, appellant argues the evidence is insufficient to support the trial court's order to pay $806 in court costs because the clerk's record does not contain a bill of costs. Because the clerk's record did not contain a bill of costs, we ordered the Dallas County District Court to file a supplemental record containing the certified bill of costs associated with this case, and the clerk did so. *See* TEX. R. APP. P. 34.5(c)(1) (stating rules of appellate procedure allow supplementation of clerk's record if relevant item has been omitted). With the supplemental clerk's record containing the bill of costs now before us, appellant's complaint that

the evidence is insufficient to support the imposition of the costs is now moot. *See Franklin v. State*, 402 S.W.3d 894, 894 (Tex. App.—Dallas 2013, no pet.).

However, appellant has filed two objections to our order requiring supplementation. He complains the clerk did not file a "proper bill of costs" because (1) it is an unsworn, unsigned computer printout, and (2) the record does not indicate the bill of costs was filed or brought to the trial court's attention before costs were entered. We have previously addressed and overruled both of these arguments in *Coronel v. State*, No. 05-12-00493-CR, 2013 WL 3874446, at *4–5 (Tex. App.—Dallas July 29, 2013, no pet.). Accordingly, we overrule appellant's second issue.

## Conclusion

Having overruled both of appellant's issues, we affirm the trial court's judgment.


/Michael J. O'Neill/
MICHAEL J. O'NEILL
JUSTICE


Do Not Publish
TEX. R. APP. P. 47

120218F.U05

–5–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

GAYLAND LAMONT EDWARDS,
Appellant

No. 05-12-00218-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 7, Dallas County, Texas
Trial Court Cause No. F10-55217-Y.
Opinion delivered by Justice O'Neill.
Justices Lang-Miers and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 20th day of September, 2013.

/Michael J. O'Neill/

MICHAEL J. O'NEILL
JUSTICE