**Harold Lee HAMMOCK, Appellant,**

v.

**The STATE of Texas.**

**No. 213–00.**

Court of Criminal Appeals of Texas.

May 23, 2001.

Allen C. Isbell, Houston, for appellant.

Julie Klibert, Asst. Dist. Atty., Houston, Matthew Paul, State's Atty., Austin, for State.

## OPINION

HOLLAND, J., delivered the opinion of the Court in which MEYERS, PRICE, JOHNSON, HERVEY, and HOLCOMB, JJ., joined.

Appellant was convicted of aggravated sexual assault and sentenced to life imprisonment. The court of appeals affirmed his conviction. *See Hammock v. State,* No. 01–96–00568, 1999 WL 1080828 (Tex. App.—Houston [1st Dist.] Dec.2, 1999) (not designated for publication). We granted appellant's petition for discretionary review to determine if an objection to the admission of evidence and request for a limiting instruction must be made when that evidence is introduced in order to be entitled to a limiting instruction in the jury charge as to the jury's proper use of that evidence.[1] We will affirm the judgment of the court of appeals.

---

1. We granted appellant's petition for discretionary review on the following grounds:

1)Whether Texas Rule of Evidence 105(a) requires that a defendant object to the in-

## I.

During the guilt/innocence stage of trial, the victim, K.H., testified that on the night of April 21, 1995, she went to B B Wolfe's to have some drinks after work. Appellant sat down next to her, and they talked, drank and danced together. She became intoxicated, and the bartender refused to serve her another drink. Appellant drove her to another bar in her van. At that bar, they drank more, danced, kissed and held hands. When the bar closed, K.H. said that she would take a cab home. But appellant offered to let her spend the night at his apartment, and he told her that he would be a perfect gentleman. K.H. accepted.

At his apartment, appellant and K.H. had some beers, and then K.H. wanted to change clothes to go to sleep. After she put on a long shirt, K.H. testified that appellant attacked her and raped her at knife-point. After the incident was over, she stated that appellant allowed her to get dressed. He told her that he knew she would file rape charges, that he had been to jail already, and that he wasn't going back.[2] But K.H. convinced him to let her leave, stating that she wouldn't tell be-

cause, if she did, her husband would leave her.

During appellant's opening statement, appellant's counsel argued, "You're going to learn that [appellant] had trouble before. That it started in 1974 in the State of Arkansas and that [appellant] has been to the penitentiary before." Later in the guilt/innocence stage of trial, appellant's sister testified on the State's cross-examination of her that her brother had been in trouble in the past and had served time in jail.[3] Appellant's counsel did not object to the admission of this evidence nor did he request a limiting instruction at the time this evidence was offered.

When asked for any objections to the charge, appellant's counsel stated,

> What we're asking for then, your Honor, what I want included in the Court's charge, you are instructed that certain evidence was admitted before you in regard to the [appellant]'s having been charged and convicted of an offense or offenses other than the one for which he is now on trial. Such evidence cannot be considered by you against [appellant] as any evidence of guilt in this case.

The trial court denied this request. Again, appellant's counsel objected, stating, "we

troduction of evidence he knows is admissible for a limited purpose in order to be entitled to a limiting instruction in the jury charge as to the jury's proper use of the evidence.

2) Whether Texas Rule of Evidence 105(a) requires that a defendant request a limiting instruction at the time evidence is introduced in order to be entitled to a limiting instruction in the jury charge as to the jury's proper use of the evidence.

3) Whether Texas Code of Criminal Procedure, Art. 38.13(sic) [36.14] entitles a defendant to a jury instruction on the proper use of evidence which is admissible for a limited purpose even though the defendant did not object to the evidence and did not request a limiting instruction at the time it was introduced.

2. Before the evidence was admitted, appellant's attorney stated that he did not have an objection to K.H.'s testimony. He stated that "[i]t just goes to the weight and not admissibility."

3. The record shows that appellant was convicted of Grand Larceny and Escape in 1974 and Larceny and Opening or Attempting to Open Coin–Operated Vending Machine in 1975. These felony convictions occurred in Drew County, Arkansas. In 1979, he was also convicted of Aggravated Robbery and Theft of Property in Chicot County, Arkansas. In 1992, appellant pleaded no contest to Aggravated Assault charges in Fort Bend County, Texas.

would ask that the Court instruct the jury orally before giving the written charge that they are to disregard any evidence of [appellant] having been in prison before, arrested, charged, convicted of any offense before." The trial court also denied this request.

On appeal, appellant argued that the trial court should have submitted an instruction to the jury stating that evidence of previous charges and convictions could not be considered as evidence of guilt in the instant offense. The court of appeals stated that appellant had the burden to object and request a limiting instruction at the introduction of the evidence. *See Hammock*, slip op. at 5. Because appellant did not request the limiting instruction at the time the evidence was admitted, the court of appeals held that the request at the charge conference was not timely and no error was shown. *See id.*

Texas Rule of Evidence 105(a) states,

> When evidence which is admissible as to one party or for one purpose but not admissible as to another party or for another purpose is admitted, the court, upon request, shall restrict the evidence to its proper scope and instruct the jury accordingly; but, in the absence of such request the court's action in admitting such evidence without limitation shall not be a ground for complaint on appeal.

Tex.R. Evid. 105(a). Citing former Texas Rule of Criminal Evidence 105[4], this Court held in *Garcia v. State* that the "party opposing evidence has the burden of objecting and requesting the limiting instruction at the introduction of the evidence." 887 S.W.2d 862, 878 (Tex.Crim. App.1994). Once evidence is received without a limiting instruction, it becomes part of the general evidence and may be used for all purposes. *See id.*

■ In the first two grounds for review, appellant argues our holding in *Garcia* should be revisited. Appellant asserts that, before *Garcia*, this Court had never required a request for a limiting instruction at the time the evidence was introduced, and therefore, *Garcia* was wrongly decided. Furthermore, appellant contends that Texas Rule of Evidence 105(a) does not specify that a request for a limiting instruction be made at the time the evidence is introduced, and he urges this Court to consider federal cases interpreting Federal Rule of Evidence 105. The State counters that *Garcia* is "completely in line with the language and rationale of Rule 105(a)." The State argues that because appellant failed to object to admission of the evidence, it was admitted for all purposes.

## II.

■ The doctrine of *stare decisis* should generally be followed, because it promotes judicial efficiency and consistency, it fosters reliance on judicial decisions, and it contributes to the actual and perceived integrity of the judicial process. *See Proctor v. State*, 967 S.W.2d 840, 844–45 (Tex.Crim.App.1998). It is often better to be consistent, rather than right. *See Malik v. State*, 953 S.W.2d 234, 236 (Tex. Crim.App.1997). Overruling precedent, however, is acceptable under certain circumstances. For example, "[w]hen older precedent conflicts with a newer decision that is found to be more soundly reasoned, we may resolve the inconsistency in favor of the more soundly reasoned decision." *Awadelkariem v. State*, 974 S.W.2d 721, 725 (Tex.Crim.App.1998). Another factor

---

**4.** Texas Rule of Criminal Evidence 105(a) is exactly the same as current Texas Rule of Evidence 105(a).

to consider is whether the reasoning underlying the older precedent has been undercut by the passage of time. *See id.* Further factors that support the overruling of precedent include: 1) when the original rule of law is flawed from the outset; 2) when the rule produces inconsistency and confusion in the law; 3) when the rule consistently creates unjust results or places unnecessary burdens upon the system; and 4) when the rule creates differences between criminal and civil practice when a reason for the difference does not exist. *See State v. Toney,* 979 S.W.2d 642, 645–46 (Tex.Crim.App.1998) (Keller, J., concurring).

### III.

■ We initially note that the language of Rule 105(a) does not require an objection to the admission of evidence before requesting a limiting instruction on that evidence. *See* Tex.R. Evid. 105(a). Rule 105(a) requires only a defendant to "request" that the trial court "restrict the evidence to its proper scope and instruct the jury accordingly." *Id.* Therefore, we disavow any language in *Garcia* that *requires* an objection to the admission of evidence before a limiting instruction can be requested.

The part of our holding in *Garcia* that requires the request for a limiting instruction at the admission of the evidence, however, appears to be consistent with the language in the second half of Rule 105(a). The second half of the rule states that "in the absence of such request *the court's action in admitting such evidence without limitation* shall not be a ground for complaint on appeal." Tex.R. Evid. 105(a) (emphasis added). Federal Rule of Evidence 105 does not contain this language in the second half of Rule 105(a). "The purpose of the additions [to Texas Rule of Evidence 105] is to spell out the well-

established responsibilities of the parties in situations of limited admissibility." 1 Steven Goode, et al., Texas Practice: Texas Rules of Evidence § 105.1 (2d.1993). Considered in this light, the plain language of Rule 105(a) seems to place the relevant timing for a limiting instruction request at the moment the evidence is admitted.

Additionally, since *Garcia,* this Court has discussed in detail the timeliness of limiting instructions and the purpose and policy behind Rule 105(a). *See Rankin v. State,* 974 S.W.2d 707, 711 (Tex.Crim.App. 1996). In *Rankin,* the precise issue discussed was whether the trial court had discretion to postpone giving a limiting instruction until the jury charge when the defendant had requested such an instruction at the time the evidence was admitted. While the instant case presents a different timing issue, the general timing principles outlined in *Rankin* are helpful.

In *Rankin,* we stated:

[T]he spirit of the rule and the contemplation of the rule-makers includes two separate notions: First, that limiting instructions actually curb the improper use of evidence and, second, that the rule should act in a way that not only "restrict[s] the evidence to its proper scope", but does so as effectively as possible. Working under these notions, *logic demands that the instruction be given at the first opportunity.*

*Id.* at 712 (emphasis added). When a limiting instruction is given for the first time at submission of the jury charge, the jury is allowed to consider the evidence in an inappropriate manner during the trial. *See id.* "Jurors cannot be expected to know exactly how to use the evidence unless we tell them, nor can we guarantee that they will 'remain open-minded until the presentation of all of the evidence and instructions.' " *Id.* (quoting *Morrison v. State,* 845 S.W.2d 882, 887 (Tex.Crim.App.

1992)). Further, we noted in *Rankin* that the language of Rule 105(a) [5] required, upon proper request, a limiting instruction to be given at the time the evidence was admitted. *Id.* at 713. After considering other state and federal cases concerning the timeliness of limiting instructions [6], we concluded that a trial court does not have discretion to postpone giving a properly requested limiting instruction when that request is made at admission of the evidence.

*Rankin* is distinguishable from the facts of the instant case. In this case, the trial court did not erroneously delay giving a limiting instruction when it was requested at the initial admission of the evidence. Rather, appellant's counsel failed to ask for a limiting instruction until later in the trial. But the same principles apply.

> When an extraneous offense is admitted in the guilt phase of a trial, failing to give a limiting instruction at the time of admission may result in the jury drawing inferences about the defendant's guilt based upon character conformity, a use of the evidence not contemplated by the trial court. The danger then becomes that the improper inference drawn cannot later be erased by an instruction in the charge.

*Jackson v. State*, 992 S.W.2d 469, 478 (Tex. Crim.App.1999). "Passage of time and accumulation of other evidence make it hard to accomplish the intended purpose [of a limiting instruction] at the end of the case." Laird C. Kirkpatrick & Christopher B. Mueller, Evidence: Practice Under the Rules § 1.16 (2d ed.). If the jury is required to consider evidence in a limited manner, then it must do so from the moment the evidence is admitted. Allowing the jury to consider evidence for all purposes and then telling them to consider that same evidence for a limited purpose only is asking a jury to do the impossible. If a limiting instruction is to be given, it must be when the evidence is admitted to be effective. *See Rankin*, 974 S.W.2d at 713.

■ After considering the language of Rule 105(a) and the policies articulated in *Rankin*, we decline to overrule the holding in *Garcia* that requires a request for a limiting instruction at the admission of the evidence. That rule of law has not proven to be unworkable or confusing, and it does not unnecessarily burden the system. It does not produce inconsistency in the law; rather, it provides clear guidelines under which limiting instructions must be requested. Further, *Garcia* has been followed by several courts of appeals. *See Arana v. State*, 1 S.W.3d 824, 829 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd); *Thacker v. State*, 999 S.W.2d 56, 61 (Tex.App.—Houston [14th Dist.] 1999, pet. ref'd); *Saldivar v. State*, 980 S.W.2d 475, 493 (Tex.App.—Houston [14th Dist] 1998, pet. ref'd); *Rodriguez v. State*, 968 S.W.2d 554, 560 (Tex.App.—Houston [14th Dist.] 1998, no pet. h.); *George v. State*, 959 S.W.2d 378, 386 (Tex.App.—Beaumont 1998, pet. ref'd); *Turro v. State*, 950 S.W.2d 390, 400 (Tex.App.—Fort Worth 1997, pet. ref'd); *Knapp v. State*, 942 S.W.2d 176, 182 (Tex.App.—Beaumont 1997, pet. ref'd); *Puente v. State*, 888 S.W.2d 521, 528 (Tex.App.—San Antonio 1994, no pet. h.). And as explained above, *Garcia* is compatible with subsequent cases from this Court. *See Rankin*, 974 S.W.2d at 713.

---

5. At the time of *Rankin,* the rule was Texas Rule of Criminal Evidence 105(a).

6. The Court in *Rankin* noted that some state and federal courts did leave the timing of the limiting instruction to the discretion of the trial court. This Court followed another line of cases requiring the limiting instruction to be given immediately upon proper request. *See Rankin,* 974 S.W.2d at 712.

Therefore, we apply *Garcia* to the instant case. K.H.'s testimony that appellant told her that he had been to jail already would have been subject to a limiting instruction, if one had been properly requested. *See Abdnor v. State*, 808 S.W.2d 476, 478 (Tex.Crim.App.1991). The first opportunity to request a limiting instruction on that portion of K.H.'s testimony was contemporaneous with admission of the evidence. At that point, it was apparent that a limiting instruction was proper. Because appellant did not request a limiting instruction at the first opportunity, the evidence was admitted for all purposes.[7] *See Garcia*, 887 S.W.2d at 878.

In the third ground for review, appellant asserts that "the accused's right to have a limiting instruction in the court's charge is based on a ground independent of the Texas Rules of Evidence." He argues Texas Code of Criminal Procedure Article 36.14[8] requires the jury charge to set forth the applicable law to a case, and Texas Rule of Evidence 105(a) cannot amend or alter this separate ground. Appellant contends that "Rule 105(a) enables a party to request and receive a limiting instruction at the time the evidence comes in; Article 36.14 enables a party to request and receive a limiting instruction in the court's charge." In response, the State argues that because the evidence was admitted without limitation, a limiting instruction was not within the applicable law of the case.

◼ We agree with the State. In a footnote in *Rankin*, we stated that "pursuant to our ruling [in *Rankin*] and to Art. 36.14, jury instructions, if requested, should be given when the evidence is admitted and then again at the final jury charge." 974 S.W.2d at 712 n. 3 (emphasis added). As we previously stated, however, K.H's testimony was admitted for all purposes because appellant failed to request a limiting instruction when the evidence was admitted. *See Garcia*, 887 S.W.2d at 878. This Court has noted that "it is impossible for [the jury] to go back at the close of the trial and reassess the evidence in light of the limiting instruction, even if they could appreciate which items of evidence the instruction was supposed to apply to." *Rankin*, 974 S.W.2d at 712 (quoting 21 CHARLES A. WRIGHT & KENNETH W. GRAHAM, JR., FEDERAL PRACTICE AND PROCEDURE, EVIDENCE § 5065). Because the evidence in question was admitted for all purposes, a limiting instruction on the evidence was not "within the law applicable to the case," and the trial court was not required to include a limiting instruction in the charge to the jury. TEX.CODE CRIM. PROC. ANN. Art. 36.14.

In conclusion, because appellant failed to request a limiting instruction when he first had the opportunity to do so, K.H.'s testimony concerning appellant's prior jail experiences was admitted for all purposes. Since the testimony was considered for all purposes by the jury, a limiting instruction on the evidence in the charge was not warranted. The judgment of the court of appeals is affirmed.

WOMACK, J., joined parts I and III only. KELLER, P.J., delivered a concurring opinion in which WOMACK and KEASLER, JJ., joined.

---

7. We understand appellant's argument that, in some cases, a defendant will not know whether certain evidence is subject to a limiting instruction until it becomes apparent later in the trial. But we need not address this issue today. In appellant's case, it was apparent that a limiting instruction was warranted at the time the evidence was admitted.

8. The pertinent part of Article 36.14 states that "the judge shall, before the argument begins, deliver to the jury, ..., a written charge distinctly setting forth the law applicable to the case." TEX.CODE CRIM. PROC. ANN. Art. 36.14.

KELLER, P.J., filed a concurring opinion in which WOMACK, and KEASLER, JJ., joined.

I join the Court's opinion except to the extent it relies upon policy reasons for its holding. The Court says, "Allowing the jury to consider evidence for all purposes and then telling them to consider that same evidence for a limited purpose only is asking a jury to do the impossible." *Slip op.* at 8.

First, I disagree with this statement. On other occasions we wait until the jury charge to ask jurors to disregard certain evidence, and we assume they do so. When the issue is raised, we instruct jurors, in the charge, to disregard evidence obtained in violation of the law.[1] And although in *Rankin*[2] we quoted with approval a statement of "impossibility," the foundation for the holding was that giving the instruction at the time of admission was the better and more effective application of Rule 105(a).[3]

Second, if a defendant is faced with a choice between an ineffective instruction and no instruction at all, presumably he would opt for the former since it could not hurt him to do so. That being so, the policy reasons in the Court's opinion offer no basis for refusing him that instruction if he requests it.

I agree that the trial court did not err in refusing to give a limiting instruction in the jury charge.

---

1. Article 38.23, Tex.Code Crim. Proc. Ann.

2. *Rankin v. State,* 974 S.W.2d 707, 713 (Tex. Crim.App.1996).

