NO. 07-10-0374-CR

 

IN THE
COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL E

 

MAY 23, 2011

_____________________________

 

 

CHRISTOPHER
MCGEE,  

 

                                                                                         Appellant

v.

 

THE STATE OF
TEXAS,  

 

                                                                                         Appellee

_____________________________

 

FROM THE 46TH DISTRICT COURT OF WILBARGER COUNTY;

 

NO. 11,416; HONORABLE DAN MIKE BIRD, PRESIDING

_____________________________

 

Opinion

_____________________________

 

 

Before QUINN, C.J., CAMPBELL,
J., and BOYD, S.J.[1]

            Christopher McGee seeks to overturn
his conviction of aggravated sexual assault of a child by contending that 1)
the trial court erred in denying his Batson challenge, 2) the trial court erred
in overruling his motion to suppress his written statement, and 3) the evidence
is legally insufficient.  We affirm the
judgment. 

            

Background

            Appellant was charged with
penetrating the sexual organ of his girlfriend’s five-year-old daughter with
his finger.  The victim did not testify,
and the primary source of evidence against him came from his written admission
to committing the crime and his drawing that indicated how far he inserted his
finger into the child’s vagina. 

            Batson Challenge

            We first consider appellant’s Batson challenge.  The focus of that challenge lies upon the
State’s use of a peremptory challenge against an African-American venireman
named Shepherd.  The latter was struck,
according to the prosecutor, because he was asleep during voir
dire.  We overrule the issue.   

            One levying a Batson[2] challenge must make a prima
facie showing of racial
discrimination.  Williams
v. State, 301 S.W.3d
675, 688 (Tex. Crim. App. 2009), cert. denied, __ U.S. __, 130 S.Ct. 3411, 177
L.Ed.2d 326 (2010).  If that happens, the
burden then shifts to the State to offer a race-neutral explanation for the
strike.  Id.  Should such an explanation be proffered, then the burden
shifts back to the defendant to show the explanation was really a pretext for
discrimination.  Id.  And, in reviewing the trial court’s decision, we must allow
it to stand unless it is clearly erroneous. 
Id.    

            In explaining his decision to
challenge the particular venireman, the prosecutor informed the trial court
that, “when I called on him and asked him punishment or rehabilitation he was
startled and woken up [sic] before he answered the question, so Mr. Shepherd
was sleeping during my portion of the voir dire and that’s why I cut him.”   Appellant did not dispute that or question
the prosecutor.

            Sleeping
during voir dire is a race-neutral reason for using a
peremptory challenge.  Moore
v. State, 265 S.W.3d 73,
82 (Tex. App.–Houston [1st Dist.] 2008, pet. dism’d, improvidently
granted); Lamons v. State, 938 S.W.2d 774, 778 (Tex. App.– Houston [14th
Dist.] 1997, pet. ref’d); Muhammad v. State, 911 S.W.2d 823, 825 (Tex. App.–Texarkana
1995, no pet.).   And, that the
prosecutor called out Shepherd’s name twice to garner the venireman’s attention
while all other members answered the particular question after the prosecutor
called their name once lends support to the contention that Shepard may have
been sleeping.  See
Roberson v. State, 866 S.W.2d
259, 261-62 (Tex. App.–Fort Worth 1993, no pet.) (stating that when the State
strikes a juror on a basis that cannot be easily determined by a reviewing
court, that basis must be substantiated by something other than the
prosecutor’s statement).  Finally, we
note that appellant did not dispute the contention below.  Therefore, we lack basis to conclude that the
trial court’s rejection of the Batson challenge was clearly erroneous.  See Moore v. State, 265 S.W.3d at 82 (stating that the
court is in the best position to determine if the prosecutor was correct that
the juror was inattentive, and noting that the defendant did not dispute the
contention thereby resulting in the conclusion that the record supported
it).     

            Suppression of Evidence

            Next, appellant argued that the trial
court should have suppressed his written, inculpatory
statement and drawing because he was in custody, “was not properly warned (Mirandized),” and coerced. 
We overrule the issue.  

 As to the matter of
involuntarily providing the confession and drawing, appellant merely concluded
that it was the product of coercion.  No
substantive argument was offered to support his conclusion.  This omission is fatal to the point since a
brief must contain a clear and concise argument for the contentions made.  Tex. R. App. P. 38.1(i).  
If none is provided, then the topic is inadequately briefed and,
therefore, waived.   Garcia
v. State, 887 S.W.2d
862, 876 (Tex. Crim. App. 1994), overruled on other grounds
by Hammock v. State, 46
S.W.3d 889 (Tex. Crim. App. 2001) (noting that when an issue is not supported
with explanation or argument, it was inadequately briefed).

As for the contention that appellant was not “properly warned
(Mirandized)” before issuing his confession, we note
that the interview from which the confession and drawing arose began with
appellant signing a written document containing Miranda warnings.  And, though to us the warnings memorialized
in the document conform to the admonishments itemized in art. 38.22 §2(a) of the Code of Criminal
Procedure, appellant failed to explain how they did not.  Given this, we cannot say that the trial
court erred in admitting the confession and drawing because appellant was not
properly Mirandized. 


Moreover, even if the warnings afforded appellant were
somehow deficient, the record contained sufficient factual basis upon which the
trial court could have reasonably found that appellant was not in custody at
the time.  This is of import because Miranda
warnings need not be imparted unless the suspect is in custody.  Herrera v. State, 241 S.W.3d 520, 526 (Tex. Crim. App. 2007).  For instance, 1) appellant transported
himself to the police station to undergo a polygraph examination and
questioning, 2) questioning occurred in a rather large 15’ by 15’ room, 3) he
was never told he was under arrest, 4) he was told he was free to go at any
time, 5) no one threatened him, 6) no one restrained him, 7) those asking the
questions and administering the polygraph would have stopped if appellant
indicated that he wanted to leave, 8) appellant was at the station for
approximately 2.5 hours before confessing, 9) he had no marks on him to
indicate that he underwent any kind of physical abuse, 10) he not only was
asked if he wanted to take a break or use the bathroom but also was told that
he did not have to be there before the examination began, 11) he left the
station after the interview, and 12) nothing indicates that appellant ever
attempted to leave, stop the questioning, take a break, or the like. 

A person is in custody if, under the circumstances, a
reasonable person would believe his freedom of movement was restrained to the
degree associated with a formal arrest.  Estrada
v. State, 313 S.W.3d
274, 294 (Tex. Crim. App. 2010), cert. denied, __ U.S. __, 131 S.Ct.
905, 178 L.Ed.2d 760 (2011); Dowthitt
v. State, 931 S.W.2d
244, 254 (Tex. Crim. App. 1996).  Simply
because the questioning occurred at a police station, the suspect submitted to
a polygraph, or the suspect failed a polygraph does not render the questioning
custodial in nature.  Dowthitt
v. State, 931 S.W.2d at 255.  Nor did the aforementioned
litany of evidence and circumstances obligate the trial court to hold that 1)
appellant was physically deprived of his freedom in any significant way, 2) someone
told him he could not leave, 3) the officers created an environment that would
lead a reasonable person to believe his freedom of movement was significantly
restricted, or 4) there existed probable cause to arrest appellant and the
officers told him he was not free to leave. 
Had any of those four scenarios arose then appellant would have been in
custody, id., but the evidence before us allowed the trial court legitimately to conclude
otherwise.  See Estrada v. State, 313 S.W.3d at 294-95 (holding that
appellant’s complaint on appeal that the environment was coercive did not
change the fact that he was not in custody when he voluntarily went to the
police station, was told several times he could leave, and did leave after the
interrogation).  

            Legal Sufficiency

            Finally, appellant claims the
evidence was both legally and factually insufficient to support the
verdict.  Given his confession and
drawing evincing his guilt, we have no choice but to overrule the issue.   

            Accordingly, the judgment is
affirmed.

 

                                                                                    Brian
Quinn 

                                                                                    Chief
Justice

 

Publish.











[1]John
T. Boyd, Senior Justice retired, sitting by assignment.





[2]Batson v.
Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90
L.Ed.2d 69 (1986).