**AFFIRM; and Opinion Filed July 23, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01215-CR

**STACY RENAY KETRON, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Court at Law No. 6**
**Collin County, Texas**
**Trial Court Cause No. 006-80282-2013**

## MEMORANDUM OPINION

Before Justices Bridges, Francis, and Lang-Miers
Opinion by Justice Lang-Miers

A jury convicted Stacy Renay Ketron of the misdemeanor offense of theft of property valued at $500 or more but less than $1,500. TEX. PENAL CODE ANN. § 31.03(a), (e)(3) (West Supp. 2013). The trial court sentenced appellant to confinement for 300 days and a $600 fine, suspended the sentence of confinement, and placed appellant on community supervision for 18 months. On appeal, appellant complains about the admission of evidence under rule 404(b) and the court's failure to give a limiting instruction. We issue this memorandum opinion because the issues are settled. TEX. R. APP. P. 47.2(a), .4. We affirm the trial court's judgment.

### BACKGROUND

John Morris owned property on Business Highway 78 in the small town of Copeville, Texas, in Collin County. Although he once lived on the property, he had not lived there in many years. He was in the body shop business and kept antique cars, car parts, and equipment in a

metal storage building on the property. An eight-foot fence surrounded three sides of the property, which backed up to a railroad track. Morris visited the property about once a month. When he was not there, his neighbors kept an eye on the property.

One day on his way home, Morris's neighbor Dewey Hargrove saw that the grass around Morris's storage building was "smashed down" like a vehicle had been driving on it. When he got home he called Morris; Morris said he had not been to the property and asked Hargrove to check on it. Hargrove drove back to the property and saw people inside the building and a Suburban parked nearby. He called 911 and waited outside the fenced area.

When the police arrived, the officers and Hargrove walked to the building and saw two people—appellant and her boyfriend Charles Haynes—inside the Suburban. The police found multiple metal items and car parts inside the Suburban. They also saw an old blue truck bed with a topper attached hitched to the back of the Suburban. Appellant and Haynes told one of the officers that they lived just across the street and explained why they were on the property. They said they saw a man at the property a while back and went over to introduce themselves. The man said his name was "Joseph" and that he owned the property. He looked like Santa Claus. "Joseph" told them they could take any of the items on the property they wanted.

While the police were still at the property, Morris arrived and identified the items in the Suburban and the blue truck bed as his. He said he had "no trespassing" signs on the building and some of the cars, and he kept the doors to the building bolted shut. He was the only one with a key. He also said he kept the parts organized. But that day, he said it looked "[l]ike a bomb went off. Or a tornado came and took half of my stuff. . . . Everything was opened up wide open." He said appellant and Haynes did not have permission to be on his property or to take those items. The police arrested appellant and Haynes.

The detective assigned to the case, Mike Vance, spoke with appellant and Haynes at the jail; they both told him about "Joseph." Appellant told Vance that Haynes had a telephone number for "Joseph" in his wallet at home. Vance asked Haynes to provide the last name and contact information for "Joseph" so he could verify their story, but he said no one ever called him with the information. Vance also testified about an encounter he had with appellant and a different boyfriend about a year earlier relating to the theft of copper from an abandoned mobile home.

Appellant did not call any witnesses. During the charge conference, both parties stated they did not have any objections to the court's charge. The jury convicted appellant of theft, and the trial court sentenced appellant pursuant to an agreement between appellant and the State. This appeal followed.

## DISCUSSION

In issue one, appellant complains that the trial court erred by admitting Detective Vance's testimony about the copper theft. We review a trial court's decision to admit rule 404(b) evidence under an abuse of discretion standard. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g). We will not reverse the trial court's decision if it lies within the zone of reasonable disagreement. *Id*.

The following exchange between the State and the detective is the subject of appellant's complaint on appeal:

> Q.    Did you believe the defendant and Charles Haynes when they said to you that they had permission to be there from some man named Joseph?
>
> A.    No, ma'am.
>
> Q.    Why?
>
> A.    Kind of know their past. I've dealt with them before.
>
> [The State]:    Your Honor, may we approach?

–3–

The Court:     Yes.

(Bench conference off the record.)

The Court:     You may proceed.

Q.     Have you dealt with this defendant before?

[Defense counsel]:     Your Honor, I'm going to object at this time. This is the State's attempt to put into evidence evidence of prior bad acts to show action in conformity with [sic]. This has no relevance and is in violation of the Rules of Evidence.

The trial court overruled the objection and gave the jury a limiting instruction. The State then asked whether the detective "had dealings with this defendant on August 18th of 2011" and he said yes. Without objection, Vance described the incident. He said appellant was stopped at a "junk yard" on Highway 78. Three other people were in the car with her, including her boyfriend at the time, Richard Bridges. Vance said there was "a bunch of copper, stripped copper" in the vehicle and appellant and the others were going to sell it. He said the Lavon Police Department later arrested Bridges for the theft of the copper from an abandoned mobile home. Vance later testified, also without objection, that the "[b]iggest thing that made me disbelieve [appellant and Haynes] was my knowledge of their past and dealing with them in the past." Appellant argues that the trial court erroneously admitted this evidence because it was offered for the improper purpose of showing propensity.

Evidentiary rule 404(b) establishes limited circumstances under which evidence of other crimes, wrongs, or acts may be admitted in the trial of the charged offense. TEX. R. EVID. 404(b). To complain on appeal about the admission of 404(b) evidence, a defendant must object to the evidence when it is offered. TEX. R. APP. P. 33.1(a); *Martinez v. State*, 98 S.W.3d 189, 193 (Tex. Crim. App. 2003) (citing *Ethington v. State*, 819 S.W.2d 854, 858 (Tex. Crim. App. 1991)). And a defendant must continue to object each time the evidence is offered or either obtain a running objection or request a hearing outside the presence of the jury. *Martinez*, 98

S.W.3d at 193. But appellant did not object each time the evidence was offered, and she did not request a running objection or a hearing outside the presence of the jury. *See id.* Consequently, we conclude that appellant did not preserve this issue for our review. We resolve issue one against appellant.

In issue two, appellant argues that the trial court erred because it did not make a preliminary determination pursuant to rule 104(b), at the time the State proffered the evidence of the copper theft, that the jury could have believed beyond a reasonable doubt that she committed the extraneous offense. *See Fischer v. State*, 268 S.W.3d 552, 555–57 (Tex. Crim. App. 2008) (discussing standard of review of trial court's preliminary determination under rule 104(b) that extraneous offense evidence is admissible). But the record does not support appellant's argument. Instead, the record shows that the State asked for a bench conference before it proffered Vance's testimony about the prior encounter with appellant regarding the copper theft. The bench conference was not recorded. When the trial resumed, the State asked the detective whether it had "dealt with this defendant before," appellant objected, and the trial court overruled the objection and gave a limiting instruction to the jury. The court's ruling on appellant's objection and subsequent limiting instruction indicate the court made the preliminary determination before admitting the evidence. And without a record of the evidence proffered by the State, we cannot review that determination for error. We resolve issue two against appellant.

In issue three, appellant argues that the trial court erred when it did not instruct the jury about the proper use of the 404(b) evidence at the time the evidence was admitted and again in the jury charge. He complains that the court should have instructed the jury that it could not consider the 404(b) evidence unless it believed beyond a reasonable doubt that appellant committed the extraneous act.

Rule 404(b) is based on the fundamental concept that an accused may be tried only for the charged offense and not his criminal propensities. When the State offers 404(b) evidence, the defendant must request an instruction limiting the jury's consideration of that evidence. TEX. R. EVID. 105(a) (when evidence is admissible for one purpose but not for another, upon request, the court "shall restrict the evidence to its proper scope and instruct the jury accordingly"); *Ex parte Varelas*, 45 S.W.3d 627, 631 (Tex. Crim. App. 2001). Appellant did not request a limiting instruction at the time the State offered evidence of the copper theft. Nevertheless, the trial court *sua sponte* instructed the jury as follows:

> Ladies and Gentlemen of the Jury – Ladies and Gentleman of the Jury, the information with regards to any prior bad acts are not to be considered whether or not the [sic] find the defendant guilty or not guilty in this particular matter, rather than [sic] to show her mental state at the time. That's a limiting – that's the only limitation on that particular piece of evidence. You may only use it to show the defendant's mental state at that particular time. You may not use it in passing upon whether or not to find the defendant guilty or not guilty for the totality of this particular offense. Understood?

The instruction did not inform the jury that it could consider the 404(b) evidence only if it believed beyond a reasonable doubt that appellant committed the act. However, appellant did not object to this instruction or request a proper instruction. *See Delgado v. State*, 235 S.W.3d 244, 251 (Tex. Crim. App. 2007) (defendant must request limiting instruction at time evidence offered); *Hammock v. State*, 46 S.W.3d 889, 893–94 (Tex. Crim. App. 2001) (same).

Additionally, appellant complains that the trial court erred by not including a limiting instruction in the court's charge. Because the trial court *sua sponte* gave the jury a limiting instruction when the evidence was offered, we will presume for purposes of this analysis that the court also should have given a limiting instruction in the jury charge. *See Hammock*, 46 S.W.3d at 895 (jury instructions, if requested, should be given when evidence is admitted and then again at final jury charge).

When we find error in the jury charge to which the appellant did not object, as here, we will reverse only if the error was so egregious and created such harm that the appellant did not have a fair and impartial trial. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (op. on reh'g). Egregious error exists if the error affected the very basis of the case, deprived the appellant of a valuable right, or vitally affected a defensive theory. *Stuhler v. State*, 218 S.W.3d 706, 719 (Tex. Crim. App. 2007). In making this determination, we consider the entire jury charge, the state of the evidence, the arguments of counsel, and any other relevant information revealed by the record as a whole. *Taylor v. State*, 332 S.W.3d 483, 489–90 (Tex. Crim. App. 2011).

**The Jury Charge**

The charge instructed the jury that it could find appellant guilty only if it believed beyond a reasonable doubt that appellant committed the charged offense. It listed the items appellant was alleged to have stolen, the date of the offense, and the owner of the property. The application paragraph gave details relating only to the theft of property from Morris. And it informed the jury that if it had a reasonable doubt of appellant's guilt of this offense, it should find her not guilty. The charge also instructed the jury that the State had the burden to prove every element of the offense charged and if it failed to do so the jury must acquit appellant. The jury returned a unanimous verdict of guilty 40 minutes after beginning deliberations. The court polled the jury, and all jurors raised their hands indicating agreement with the verdict.

**The Evidence**

The evidence showed that appellant and Haynes were "caught red handed" removing items from Morris's property without permission. Appellant's defensive theory was that "Joseph" owned the property and had given them permission to take the items. Appellant cross-examined the police officers extensively on their failure to identify and talk to "Joseph." But

–7–

despite being given an opportunity to provide information about "Joseph" to the detective investigating the case, appellant did not do so. The jury could reasonably infer from appellant's failure to provide the information during the investigation that it was not true.

**The Arguments of Counsel**

In closing argument, the State did not refer to the detective's testimony about the prior copper theft until after defense counsel mentioned it in his closing argument. Defense counsel argued that appellant had nothing to do with that offense. The State responded by arguing that it "brought up" the copper theft because it showed appellant's mental state. The State argued that it was not "using [the copper theft] for propensity to say [appellant]'s a bad person. Once – it happened once, it's going to happen again. It goes to show that they knew exactly what they were doing, why they were taking this property and what they wanted it for. Because they knew that it had value to them."

Although a portion of this argument could be construed as a propensity argument, appellant did not object to the argument, it was a small portion of the State's overall closing argument, and it was in response to defense counsel's argument. And the State prefaced its remarks by stating the evidence was not used to show appellant was a "bad person" or to show "propensity."

**The Record as a Whole**

Even though the trial court did not include a limiting instruction in the jury charge, the court did restrict the jury's use of this evidence at the time the evidence was offered. The court specifically instructed the jury that it could not consider the evidence in determining whether appellant was guilty of the charged offense.

After reviewing the entire appellate record, we conclude that the trial court's failure to give a limiting instruction in the jury charge did not affect the very basis of appellant's case,

deprive her of a valuable right, or vitally affect her defensive theory.  *See Stuhler*, 218 S.W.3d at

719.  We resolve issue three against appellant.

**CONCLUSION**

We affirm the trial court's judgment.


/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)

131215F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

STACY RENAY KETRON, Appellant

No. 05-13-01215-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law No. 6, Collin County, Texas
Trial Court Cause No. 006-80282-2013.
Opinion delivered by Justice Lang-Miers, Justices Bridges and Francis participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 23rd day of July, 2014.