**Affirmed; Opinion Filed August 4, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00486-CR

### JOSE MAYA, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 283rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F12-34710-T**

## MEMORANDUM OPINION

Before Justices Fillmore, Myers, and Evans
Opinion by Justice Evans

Jose Maya appeals his conviction for the offense of indecency with a child by contact. In two issues, appellant contends that: (1) the trial court abused its discretion in allowing the prosecutor to question a witness regarding her prior inconsistent statement because it was improper impeachment and (2) the trial court erred by not giving a limiting instruction to the jury when requested by appellant. Appellant seeks a reversal and remand for further proceedings. We affirm.

### BACKGROUND

In July 2012, appellant was indicted for the offense of indecency with a child by contact. Appellant pleaded not guilty and the trial commenced on April 15, 2014.

During trial, Detective Kim Vanderveen, the lead detective in this case, testified that she observed the forensic interview between the victim, J (appellant's daughter), and an interviewer at the Dallas Children's Advocacy Center (DCAC). Detective Vanderveen spoke with appellant when he voluntarily visited her and he confessed to having touched J "once a month" for "more or less a year."

Maria, J'aunt, testified that she received a text message in March 2012 from her niece, G, stating that she and her stepsister, J, needed to speak with her. The next day, Maria picked up G, J, J's friend, and her sister (G and J's mother) and took them to Braum's. Maria testified that she took the girls to the restroom and J told Maria that her father had been touching her. Maria said that J acted nervous and sad and told her that it started when she was in the seventh grade. At the time J spoke with Maria, she was in the eighth grade.

Christine Mack, a former forensic interviewer for the DCAC, testified about her interview with J. She testified that a forensic interviewer is a trained professional who interviews children of suspected abuse in a non-leading and non-suggestive manner. She stated that J was very upset and emotional once they started speaking about the abuse. Mack further testified that she did not see any signs of coaching or lying during J's interview.

J also testified and stated that she did not want to be in court. At trial, J testified that G told her to say that her dad had been touching her. J also testified that her mom had health problems and had just gotten out of the hospital around March 2012. J said that there were a lot of things that she did not want to talk about or remember. At trial, she testified in answers to appellant's counsel questions that her stepsister came up with this story about her dad and she went along with it to split up their parents and have more freedom without him around. When the State asked her about her interview at the Dallas Children's Advocacy Center, the following exchange took place:

Q.      Do you remember -- do you remember what you told Christine at the Advocacy Center?

A.      Some of it.

Q.      Tell the jury some of what you told Christine.

Appellant's counsel:  Objection. This is hearsay.  He's trying to back door in her statement and use it as evidence.

State's attorney:  It's her own words, Your Honor.  It's not hearsay.  It's improper use of impeachment.[1]

THE COURT:  Overruled.

Appellant's counsel:  Can I ask at least for a limiting instruction that it be used only for impeachment and not as substantive evidence?

THE COURT:  Yes.

State's attorney:  Your Honor, at this point she hasn't even said it's inconsistent. I'm asking what she told Christine. She didn't say she didn't say. At this point it's her testimony. I haven't impeached her.

THE COURT:  I understand. At the appropriate time I will give the appropriate instruction.

After J testified, the trial court never gave a limiting instruction.  On April 16, 2014, the jury convicted appellant of indecency with a child by contact and the court sentenced him to fourteen years of imprisonment.

## ANALYSIS

### I.      The Trial Court Properly Allowed the State to Question a Witness About Statements Made During Her Forensic Interview

Appellant argues that the trial court abused its discretion when it allowed the prosecutor to question J regarding her prior statement to Mack because it was improper impeachment under Rule 613 of the Texas Rules of Evidence.  We disagree.

#### A.      Standard of Review

---

[1] It appears the State was informing the court what the correct objection was rather than commenting on its intent in asking the question.

A trial court's decision to admit or exclude evidence is viewed under an abuse of discretion standard. *Torres v. State*, 71 S.W.3d 758, 760 (Tex. Crim. App. 2002). A trial court abuses its discretion when its decision lies outside the zone of reasonable disagreement. *Green v. State*, 934 S.W.2d 92, 102 (Tex. Crim. App. 1996). A witness's prior inconsistent statements are admissible to impeach a witness. *See Aranda v. State*, 736 S.W.2d 702, 707 (Tex. Crim. App. 1987). The rule of admissibility of evidence of prior inconsistent statements should be liberally construed and the trial judge should have discretion to receive any evidence which gives promise of exposing a falsehood. *Id.*

### B.    Texas Rule of Evidence 613

Rule 613(a) of the Texas Rule of Evidence provides as follows:

**(1)** *Foundation Requirement.* When examining a witness about the witness's prior inconsistent statement—whether oral or written—a party must first tell the witness:
**(A)** the contents of the statement;
**(B)** the time and place of the statement; and
**(C)** the person to whom the witness made the statement.
**(2)** *Need Not Show Written Statement.* If the witness's prior inconsistent statement is written, a party need not show it to the witness before inquiring about it, but must, upon request, show it to opposing counsel.
**(3)** *Opportunity to Explain or Deny.* A witness must be given the opportunity to explain or deny the prior inconsistent statement.
**(4)** *Extrinsic Evidence.* Extrinsic evidence of a witness's prior inconsistent statement is not admissible unless the witness is first examined about the statement and fails to unequivocally admit making the statement.
**(5)** *Opposing Party's Statement.* This subdivision (a) does not apply to an opposing party's statement under Rule 801(e)(2).

*See* TEX. R. EVID. 613(a).

### C.    Analysis

Appellant argues that the State did not lay the proper foundation for admitting J's prior inconsistent statements. The State argues that appellant failed to preserve any alleged error on

this issue by failing to make a timely, specific objection. For purposes of our analysis, we have elected to reach the merits of the issue.[2]

As stated above, there are three requirements to establish the proper predicate or foundation for impeachment testimony: (1) identification (time and place and person to whom the statement was made); (2) the contents of such statement; and (3) the witness must be afforded an opportunity to explain or deny such statement. *See id.*; *Flowers v. State*, 438 S.W.3d 96, 103 (Tex. App.—Texarkana 2014, pet. ref'd). Here, the State established the foundation for its impeachment testimony in the following exchange:

Q. Okay. All right. And this is over two years ago, right?
A. Yes.
Q. And this has been really difficult on you, right?
A. Yes.
Q. Are there a lot of things that you don't really want to talk about or want to remember about that?
A. Yes.
Q. So you're not saying it didn't happen. You just don't remember that?
A. Yes.
Q. Okay. Do you remember a couple weeks after Braum's that you went down to a place called the Children's Advocacy Center and talked to a woman named Christine Mack?
A. I remember talking to somebody.
Q. Do you remember she had dark hair, long dark hair?
A. Yes.
Q. And do you remember what you told Christine Mack?
A. No.

---

[2] We note, however, that there is a persuasive argument that appellant's first issue on appeal has been waived. When the hearsay/impeachment objection was raised, the trial court did not make a ruling but noted that an appropriate instruction would be given at the appropriate time. Appellant did not reassert his objection during J's testimony or obtain a ruling on the objection. As such, the error has not been preserved. *See Ethington v. State*, 819 S.W.2d 854, 858 (Tex. Crim. App. 1991) ("In general, TEX. R. CRIM. EVID. 103(a)(1) and TEX. R. APP. PROC. 52 govern preservation of error concerning the admission of evidence in criminal cases. Combined, these rules state that if, on appeal, a defendant claims the trial judge erred in admitting evidence offered by the State, this error must have been preserved by a proper objection and a ruling on that objection. The objection must be timely; that is, the defense must have objected to the evidence, if possible, before it was actually admitted. If this was not possible, the defense must have objected as soon as the objectionable nature of the evidence became apparent and must have moved to strike the evidence, that is, to have it removed from the body of evidence the jury is allowed to consider.").

In the above exchange, the State identified the time, place and person to whom J made the statements. Following this exchange, the State went through the content of J's prior interview with Mack. J often testified in a reluctant manner when the State asked about her statements during the forensic interview by stating that she "didn't remember" or "didn't know." Regardless of her reluctance, J was provided an opportunity to explain or deny her prior statements. Accordingly, we conclude that the State properly established the foundation for its use of J's impeachment testimony.

Appellant also asserts that the witness must deny making the statement in order to admit the prior inconsistent statement. Rule 613(a), however, does not require the witness to deny the statement. Instead, the rule provides that extrinsic evidence of a witness's prior inconsistent statement may not be admitted if the witness unequivocally admits making the statement. *See* TEX. R. EVID. 613(a), *Aranda*, 736 S.W.2d at 708 (if a witness unequivocally admits a prior statement is inconsistent with his trial testimony the process of impeachment is accomplished and other evidence of the prior statement or confession is inadmissible). As discussed above, J often testified in a reluctant manner when the State asked her about the forensic interview. J remembered some of her interview statements but not others. After review of J's direct examination, however, it would be difficult to say that J unequivocally admitted that her prior interview was inconsistent with her trial testimony. As our review of the record supports the trial court's ruling, we cannot say the trial court clearly abused its discretion. Accordingly, we overrule appellant's first issue.

## II. Failure to Give Limiting Instruction Resulted in Harmless Error

In his second point of error, appellant contends that the trial court erred by not giving a limiting instruction at the time it was requested.[3] As stated above, appellant requested a limiting instruction when the State first asked J about the Mack interview:

> Appellant's counsel: Can I ask at least for a limiting instruction that it be used only for impeachment and not as substantive evidence?
>
> THE COURT: Yes.
>
> State's attorney: Your Honor, at this point she hasn't even said it's inconsistent. I'm asking what she told Christine. She didn't say she didn't say. At this point it's her testimony. I haven't impeached her.
>
> THE COURT: I understand. At the appropriate time I will give the appropriate instruction.

The State argues that appellant's counsel did not request any additional instructions after this exchange and that counsel abandoned and waived his original objection. Although we agree that a limiting instruction was appropriate in this situation, we overrule this issue because such error was harmless given the evidence presented.

A trial court must provide a limiting instruction that restricts the evidence to its proper scope and instruct the jury accordingly. *See* TEX. R. EVID. 105(a). At the time that the State began questioning J about her interview with Mack, J had already testified that G told her to say that her dad had been touching her. Accordingly, it was appropriate for appellant's attorney to request a limiting instruction when the State asked about the Mack interview because J had already indicated that she had changed her version of the events at issue. *See Hammock v. State*, 46 S.W.3d 889, 893 (Tex. Crim. App. 2001) ("[T]he plain language of Rule 105(a) seems to

---

[3] Appellant makes a passing reference to the fact that the trial court "did not include a written instruction in the jury charge either." Appellant, however, does not present any argument or analysis regarding this allegation. As appellant has failed to conduct any *Almanza* analysis, the Court will restrict its analysis to the alleged failure to instruct the jury at the time requested.

place the relevant timing for a limiting instruction request at the moment the evidence is admitted."). Here, appellant was entitled to a limiting instruction once the State began questioning J about her former interview. *See Adams v. State*, 862 S.W.2d 139, 147–48 (Tex. App.—San Antonio 1993, pet. ref'd) ("[I]mpeachment is aimed at attacking the credibility of a witness. Testimony admitted only for impeachment purposes is without probative value and cannot be considered as substantive evidence. One of the common methods of impeachment is by the use of prior inconsistent statements, oral or written, under oath or not. The jury may consider the inconsistency as damaging to the witness's credibility, but may not use the evidence substantively.") (internal citations omitted); *Miranda v. State*, 813 S.W.2d 724, 735 (Tex. App.—San Antonio 1991, pet. ref'd) ("Rule 607 permits the use of prior inconsistent statements that are hearsay for the purposes of impeachment. Courts, of course, must be careful to give jury instructions limiting the evidence to the issue of impeachment."). Having found error, we proceed to conduct a harm analysis. *See Jones v. State,* 119 S.W.3d 412, 423–24 (Tex. App.—Ft. Worth 2003, no pet.) ("When a trial court errs by refusing to give a contemporaneous limiting instruction, that error is non-constitutional and is subject to a harmless error analysis pursuant to Texas Rule of Appellate Procedure 44.2(b)."). Here, we have a fair assurance that this error did not affect any substantial right belonging to appellant. *See* TEX. R. APP. P. 44.2(b) (nonconstitutional error that does not affect appellant's substantial rights must be disregarded). The appellant confessed to having touched J "once a month" for "more or less a year" in his voluntary interview with Detective Vanderveen. The exhibit of the interview was admitted into evidence. Further, Detective Vanderveen testified that appellant's confession corroborated what J said in her forensic interview. In addition, J's aunt, Maria, testified that J told her that J's father had been inappropriately touching her. Finally, Mack, the forensic interviewer, testified that she did not see any signs of coaching or lying during J's interview. Considering the record

in its entirety, we conclude that the trial court's error was harmless and overrule appellant's second issue.

## CONCLUSION

We resolve appellant's issues against him and affirm the trial court's judgment.

/ David Evans/
DAVID EVANS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
140486F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JOSE MAYA, Appellant

No. 05-14-00486-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F12-34710-T.
Opinion delivered by Justice Evans.
Justices Fillmore and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 4th day of August, 2015.