

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0677-22

**LARRY JEAN HART, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FIFTH COURT OF APPEALS
### DALLAS COUNTY

KELLER, P.J., filed a dissenting opinion in which YEARY, KEEL, and SLAUGHTER, JJ., joined.

In its Rule 403 analysis, the Court counts in Appellant's favor the absence of a limiting instruction. But Appellant did not request a limiting instruction. Under Rule 105, Appellant's failure to request a limiting instruction forfeited his claim regarding the admission of the rap videos.

Rule 105 says that a party complaining about the admission of evidence that is admissible for one purpose but not another must seek a limiting instruction to preserve his claim:

> A party may claim error in a ruling to admit evidence that is admissible against a party or for a purpose—but not against another party or for another purpose—only

if the party requests the Court to restrict the evidence to its proper scope and instruct the jury accordingly.[1]

Under the unambiguous language of the rule, error cannot be predicated on the admission of evidence that is admissible for one purpose but not for another if the complaining party did not request a limiting instruction.[2] The Court's reliance on *Abdnor* is unavailing: Abdnor requested a limiting instruction, both at the time the evidence was admitted and in the jury charge.[3]

The more recent case of *Valadez* would be better for the Court's position, but it is inapt for two reasons. First, the defendant *did* request a limiting instruction, even though only in the jury charge, so on the face of it, Rule 105's forfeiture provision did not apply.[4] The Court acknowledged our prior holding that a failure to request a limiting instruction when evidence is admitted forfeits the right to a limiting instruction in the jury charge, but said, "Regardless of whether the trial court had to give any such instruction, the lack of instruction is relevant to the prejudice assessment."[5] But, second, that statement seems to be *dictum* because the evidence in *Valadez* was not admissible

---

[1] TEX. R. EVID. 105(b)(1).

[2] *See Sandoval v. State*, 665 S.W.3d 496, 531 (Tex. Crim. App. 2022) ("[W]hen admitted evidence was admissible for a non-hearsay purpose but no limiting instruction was given, the defendant "failed to preserve error as to the possible hearsay effects of the evidence" when he failed to request a limiting instruction.) (also quoting from and discussing Rule 105(b)(1)).

[3] 871 S.W.2d 726, 730 (Tex. Crim. App. 1994).

[4] *Valadez v. State*, 663 S.W.3d 133, 141 (Tex. Crim. App. 2022).

[5] *Id.* at 142, 146. *See Hammock v. State*, 46 S.W.3d 889, 893-94 (Tex. Crim. App. 2001) (Failure to request a limiting instruction at the time evidence is admitted forfeits right to limiting instruction in the jury charge.).

for any purpose, since it had no relevance under Rule 404(b) apart from character conformity.[6] But, regardless of whether the *Valadez* statement was *dictum* or well-considered, it cannot apply here, where no limiting instruction was *ever* requested. The language of Rule 105 is unambiguous when there is no request for a limiting instruction. If the record in this case supports the admission of the rap videos for one purpose but not for another, then Appellant's claim must fail.

And the record does support admission of the videos for one purpose but not another. It was admissible to rebut Appellant's claim of a lack of sophistication and comprehension, but it was not admissible as evidence of a propensity to commit criminal behavior. Under Rule 105, Appellant's failure to request a limiting instruction forfeited his claim about the admission of the rap videos.

And finally, it is worth noting that forfeiture under Rule 105 results in no injustice in this case. That is because any risk of unfair prejudice from the rap videos could have been eliminated almost entirely by a well-tailored limiting instruction. Even if rap music is likely to be associated with criminality, a limiting instruction could have explicitly told the jury not to draw that sort of inference. And a limiting instruction could have also told the jury to treat the videos solely as fiction and to consider them only for the purpose of rebutting Appellant's claims of lack of sophistication and comprehension. With such an instruction, the risk of unfair prejudice would be minimal and would not substantially outweigh the probative value of the evidence.

I respectfully dissent.

Filed: May 8, 2024
Publish

---

[6] *See* 663 S.W.3d at 143-44, 146 ("But volume alone cannot conjure probative value; no matter how great it might be, any number multiplied by zero still equals zero. The six connections with marihuana were so meaningless that they could not support any inference.").