

In The

# Court of Appeals
## Seventh District of Texas at Amarillo

---

No. 07-24-00004-CR

---

ELIJAH JAMAL CRAVEN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 54th District Court
McLennan County, Texas[1]
Trial Court No. 2020-12-C2, Honorable Susan Kelly, Presiding

---

September 3, 2024

## MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

A jury found Elijah Jamal Craven, Appellant, guilty of murder[2] and the trial court assessed his punishment at life imprisonment. In this appeal, Appellant challenges the admission into evidence of an extraneous offense. We affirm.

---

[1] This case is before the Court on transfer from the Tenth Court of Appeals pursuant to a docket equalization order of the Supreme Court of Texas. TEX. GOV'T CODE ANN. § 73.001.

[2] *See* TEX. PENAL CODE. ANN. § 19.02(b).

## BACKGROUND[3]

On September 10, 2019, seventeen-year-old Aquarius McPhaul was fatally shot near Oakwood Cemetery in Waco. On the afternoon of the shooting, Appellant and three other young men picked up McPhaul from the New Road Inn in a white, four-door truck. McPhaul sat between two passengers in the back seat of the truck. Appellant drove toward the cemetery. Near the cemetery, the passenger in the front seat handed a firearm to Appellant, who turned around and demanded McPhaul's gold watch. When McPhaul refused to hand it over, Appellant began to pistol-whip him. McPhaul then opened the backseat door on the driver's side, climbed over another passenger, and fell to the ground as he exited the vehicle. Appellant also exited the vehicle. He stood over McPhaul and shot him multiple times before leaving the scene.

Appellant was indicted for capital murder, but the State amended the indictment and proceeded to trial on the lesser-included offense of murder. The jury found Appellant guilty, and the trial court sentenced him to life in the Texas Department of Criminal Justice. Appellant filed this appeal, challenging the trial court's admission of extraneous offense evidence.

## ANALYSIS

Appellant raises two issues in this appeal, both of which concern the admission of evidence that the white, four-door truck he was driving on the day of the murder was a stolen vehicle. Appellant objected to the admission of this evidence based on both Rule

---

[3] As Appellant does not challenge the sufficiency of the evidence, we provide only a brief recitation of the facts.

404(b) and Rule 403. The State asserted that the purpose for admitting evidence that the truck was stolen was to prove that Appellant had access to the vehicle at a particular time and to show opportunity and identity. The State also argued that the evidence was admissible to rebut a defensive theory. The trial court overruled Appellant's objections.

In his first issue, Appellant asserts that the trial court erred by needlessly admitting evidence of the extraneous offense, violating the Rules of Evidence. In his second, he contends that the trial court erred by failing to timely provide a limiting instruction to the jury concerning the extraneous offense. We review the admission of extraneous offense evidence for an abuse of discretion. *See Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010). The trial court does not abuse its discretion unless its decision lies outside the zone of reasonable disagreement. *Id.*

Limiting Instruction

In his second issue, which we address first, Appellant asserts, "Ultimately, the State called the owner of the stolen pickup truck as a witness – sans any limiting instruction. Instead, the trial court only gave the limiting instruction to the jury in the guilt phase charge."[4] The record contradicts this claim. At a bench conference, Appellant objected to the anticipated evidence and requested that the trial court provide a limiting instruction at the time the sponsoring witness of the stolen truck evidence was called. Counsel and the trial court discussed the language of the instruction and when it should be given. When Dr. Gary Mathews, the owner of the truck, was called to the stand, the

---

[4] A limiting instruction should be given at the first opportunity and, generally, not for the first time in the jury charge. *Hammock v. State*, 46 S.W.3d 889, 893 (Tex. Crim. App. 2001).

3

trial court instructed the jury as planned at the bench conference, stating: "Ladies and Gentlemen of the Jury, with this witness you may hear evidence concerning an offense other than the one before you today. You may not consider any evidence of that offense for any purpose other than in determining proof of opportunity, identity, or to rebut a defensive theory and for no other purpose." Because the record clearly reflects that the trial court timely provided a limiting instruction to the jury, we overrule Appellant's second issue.

Extraneous Offense Evidence

Mathews testified that on September 7, 2019, he was in Austin for a football game at the University of Texas. He had driven his white, four-door Toyota Tacoma pickup truck to Austin from his home in Lafayette, Louisiana. On the morning of September 8, Mathews left his lodging in Austin and discovered that his truck, which he had parked outside, had been stolen.

The State subsequently proffered evidence that the white, four-door truck stolen from Mathews was the same truck Appellant was driving in Waco on September 10, the day that McPhaul was killed. No contention was made that Appellant committed the theft. Even so, as Appellant maintains, the evidence still established the extraneous offense of unlawful use of a motor vehicle, a state jail felony.[5]

At trial and again on appeal, Appellant has argued that the evidence was not admissible under Rule 404(b) and should have been excluded under Rule 403. Rule 404

---

[5] *See* TEX. PENAL CODE ANN. § 31.07.

operates to exclude evidence of extraneous offenses offered solely to show that a defendant acted in conformity with bad character by committing the charged offense. TEX. R. EVID. 404(b)(1). But the rule also provides that extraneous offenses are admissible "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." TEX. R. EVID. 404(b)(2). Even if evidence is admissible under Rule 404, the trial court may exclude the evidence if its probative value is substantially outweighed by the danger of unfair prejudice under Rule 403. TEX. R. EVID. 403.

The erroneous admission of evidence is non-constitutional error. *Gonzalez v. State*, 544 S.W.3d 363, 373 (Tex. Crim. App. 2018). Such error "must be disregarded unless it affects the defendant's substantial rights," i.e., the error had a substantial and injurious effect or influence in determining the jury's verdict. *Barshaw v. State*, 342 S.W.3d 91, 93 (Tex. Crim. App. 2011). Under this standard, we will not overturn a criminal conviction for non-constitutional error if, "after examining the record as a whole," we have a "fair assurance that the error did not influence the jury, or influenced the jury only slightly." *Id.* To make that determination, we consider: (1) the character of the alleged error and how it might be considered in connection with other evidence, (2) the nature of the evidence supporting the verdict, (3) the existence and degree of additional evidence indicating guilt, and (4) whether the State emphasized the complained-of error. *Gonzalez*, 544 S.W.3d at 373.

Assuming, without deciding, that the trial court erred when it admitted the evidence of Appellant's unauthorized use of a motor vehicle over Appellant's objections, we conclude that any error was harmless. The evidence that Appellant murdered McPhaul

5

was ample, insomuch that it rendered insignificant the evidence that Appellant was driving a stolen vehicle. *See Barshaw*, 342 S.W.3d at 93. The jury heard testimony from two witnesses who were passengers in the truck and present when Appellant picked up McPhaul from the hotel, demanded his watch, pistol-whipped him in the truck, and shot him multiple times. Jurors also heard from Appellant's friend, who gave Appellant a ride later on the day of the murder. Appellant told this friend that he had "shot somebody" and left his mask behind. Evidence showed that a mask found at the scene of the murder had Appellant's DNA on it. A photograph of Appellant wearing the same mask was introduced into evidence. There was also evidence that the murder weapon matched the firearm that was displayed in posts on Appellant's Instagram account. Additionally, jurors viewed evidence showing Appellant's communications with others reflecting his concerns about McPhaul and his communications with McPhaul himself on the day of the murder, which included making plans to pick up McPhaul from the hotel. In short, the State presented considerable evidence implicating Appellant in McPhaul's murder and did not emphasize evidence of the extraneous offense. Further, as set forth above, the trial court provided a limiting instruction during trial and in the charge regarding the jury's consideration of the extraneous offense evidence, and we presume that the jury followed the trial court's instructions. *Renteria v. State*, 206 S.W.3d 689, 707 (Tex. Crim. App. 2006).

Based on our review of the record as a whole, we do not believe that the jury would be swayed to convict Appellant of murder on the basis of the comparatively minor offense of unauthorized use of a motor vehicle. *See Ransom v. State*, 920 S.W.2d 288, 301 (Tex. Crim. App. 1996) (op. on reh'g) (en banc) (in murder case, trial court properly admitted evidence of extraneous offense of burglary of motor vehicle; court recognized extraneous

6

offense was "of a character that pales in comparison to the primary offense" and unlikely to sway jury); *Coleman v. State*, 188 S.W.3d 708, 728 (Tex. App.—Tyler 2005, pet. ref'd) (appellant charged with unlawful possession of firearm by felon failed to show harm from admission of cocaine into evidence where "overwhelming nature of the evidence" against him outweighed any prejudice). We conclude that the admission of the extraneous offense, even if erroneous, likely had no influence, or only a slight influence, on the jury's verdict. *See Barshaw*, 342 S.W.3d at 93. Therefore, we overrule Appellant's first issue.

## CONCLUSION

Having overruled both of Appellant's issues on appeal, we affirm the judgment of the trial court.

Judy C. Parker
Justice

Do not publish.